NELLIE A. HARRELL v. H. L. WELSTEAD ET AL.

(Filed 11 July, 1934.)

1. **Process A d: Judgments K c—Default judgment upon process returnable to county other than one rendering judgment is void.**

   Summons was served on the corporate defendant requiring it to appear and answer in a county other than the county in which the action was instituted. Defendant mailed answer to the clerk of the county of trial, but it was received after expiration of time for filing. N. C. Code, 509. Judgment by default and inquiry was entered which was later executed, resulting in a verdict in plaintiff's favor. *Held*, the summons was fatally defective, and as the judgment was entered for want of an answer, defendant had made no appearance and the court had no jurisdiction of defendant, and the judgment is void, and should have been set aside on defendant's motion thereafter made to vacate same.

2. **Appearance A b—Appearance after judgment will not validate a judgment which is void for want of proper process.**

   An appearance to vacate a judgment entered by default and inquiry will not validate such default judgment when it is void because rendered without service of process returnable to the proper county, it appearing that no appearance of any kind was made by the defendant before judgment.

3. **Judgments K b—Neglect to file answer is attributable to defendant where he employs counsel licensed to practice only in another state.**

   A joint answer by the individual and corporate defendant was prepared by an attorney of another State and mailed to the clerk of the trial court, but was not received by him until time for filing answer had expired, N. C. Code, 509. Judgment by default and inquiry was entered, and the individual defendant who had been duly serviced with process, moved to vacate same for surprise and excusable neglect. *Held*, the individual defendant had entrusted his case to one not licensed to practice in this State, and employed no attorney regularly practicing in the courts of the county or the district, and his failure to answer is attributable to his own negligence, and his motion to vacate was properly refused.

APPEAL by defendants, H. L. Welstead and Standard Oil Company of New Jersey, from *Small, J.,* at September Term, 1933, of CURRITUCK.

Civil action to recover damages for an alleged negligent injury.

On 28 November, 1932, plaintiff was riding with her husband and their child in a Ford truck. They stopped at the filling station of the defendant, H. L. Welstead, in Currituck County to get some gasoline. Plaintiff's husband undertook to assist the defendant Welstead in filling the truck tank, when an explosion occurred, seriously injuring the plaintiff.

On 20 March, 1933, this suit was instituted by the simultaneous issuance of two summonses by the clerk of the Superior Court of Cur-

rituck County, one commanding the sheriff of Currituck County to summon H. L. Welstead and T. Smith Harrell, Jr., to appear before the said clerk at his office in Currituck within thirty days after service and answer the complaint, etc., which said summons was duly served 21 March, 1933, the other addressed to the sheriff of Pasquotank County, commanding him to summon the Standard Oil Company of New Jersey "to appear before the clerk of the Superior Court for the county of Pasquotank at his office in Elizabeth City within thirty (30) days after the day of service hereof, and answer the complaint, which has been filed in the office of the said clerk of the Superior Court of said county, a copy of which is served herewith." Service was made by sheriff of Pasquotank County 22 March, 1933, and returned to the clerk of Currituck County. Verified complaint was filed and copies duly served with the summonses.

On 17 April, 1933, plaintiff's husband, T. Smith Harrell, Jr., filed a demurrer to the complaint, which was sustained.

Joint answer of H. L. Welstead and Standard Oil Company of New Jersey was prepared by S. Burnell Bragg, attorney of Norfolk, Va., verified by H. L. Welstead 12 April, 1933, sent by said attorney to C. M. Byers, manager of the defendant Oil Company at Charlotte, N. C., verified by said manager and mailed from Charlotte to the clerk of the Superior Court of Currituck County, 17 April, 1933, in time to have reached the clerk in the regular course of the mail before expiration of time for filing. The said answer, but no copy, was received by the clerk of the Superior Court of Currituck County when he called for his mail 22 April, 1933. The clerk at first marked this answer "Filed 4/22/33, R. P. Midgett, C. S. C.," but later erased the word "Filed" and inserted in lieu thereof the word "Rec'd." Time for answering had expired when received by the clerk.

On 1 May, 1933, judgment by default and inquiry, for want of an answer, was entered against H. L. Welstead and Standard Oil Company of New Jersey.

Said defendants, on 8 July thereafter, made a motion to set aside the judgment by default and inquiry on the grounds of irregularity, excusable neglect, and as a matter of right. This motion was denied, though it was found that said defendants "have a meritorious defense to the cause of action set up in the complaint." Exception.

The inquiry was executed at the September Term, 1933, Currituck Superior Court, which resulted in a verdict and judgment of $10,000 for the plaintiff. Defendants appeal, assigning errors.

*M. B. Simpson and McMullan & McMullan for plaintiff.*
*Thompson & Wilson, S. Burnell Bragg and Pou & Pou for defendants.*

STACY, C. J. If it be conceded that the answer of the defendants was not properly filed (Michie's Code, sec. 509), or was not filed in time, then the judgment by default and inquiry is void as to the corporate defendant, for said defendant had never been summoned to appear in Currituck County. Its summons was to appear before the clerk of the Superior Court of Pasquotank County and answer the complaint filed in his office. Therefore, unless the corporate defendant had come in by answer, it was not in court at all, and the judgment is without warrant of law as to it. *Bank v. Wilson,* 80 N. C., 200. By the same token or reason that the answer is excluded, the judgment is rendered ineffectual as against the nonappearing defendant. "Jurisdiction of the party, obtained by the court in some way allowed by law, is essential to enable the court to give a valid judgment against him"—*Merrimon, J.,* in *Stancill v. Gay,* 92 N. C., 462.

A default judgment rendered against a defendant in an action where he has never been served with process returnable to the proper county, nor appeared in person or by attorney, is not simply voidable, but void, and will be set aside on motion. *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315; *Clark v. Homes,* 189 N. C., 703, 128 S. E., 20; *Moore v. Packer,* 174 N. C., 665, 94 S. E., 449; *Ins. Co. v. Scott,* 136 N. C., 157, 48 S. E., 581; *Condry v. Cheshire,* 88 N. C., 375; *Doyle v. Brown,* 72 N. C., 393.

Speaking of the effect of a judgment rendered against a defendant who had never been served with summons, in *McKee v. Angel,* 90 N. C., 60, *Ashe, J.,* delivering the opinion of the Court, said:

"Judgments are either irregular, erroneous or void. Irregular judgments are such as are entered contrary to the course and practice of the court. An erroneous judgment is one that is rendered contrary to law.

"A void judgment is one which has only the semblance of a judgment, as if rendered by a court having no jurisdiction, or against a person who has had no notice to defend his rights. *Stallings v. Gully,* 48 N. C., 344; *Armstrong v. Harshaw,* 12 N. C., 187; *Jennings v. Stafford,* 23 N. C., 404.

"Erroneous and irregular judgments cannot be collaterally impeached, but stand until they are reversed or set aside. *Jennings v. Stafford, supra.* But a void judgment is no judgment, and may always be treated as a nullity."

A nullity is a nullity, and out of nothing nothing comes. *Ex nihilo nihil fit* is one maxim that admits of no exceptions. *Chemical Co. v. Turner,* 190 N. C., 471, 130 S. E., 154.

Nor did the corporate defendant's appearance by motion to vacate said judgment give life to that which was then a nullity. Such appearance put the corporate defendant in court, but only as a defendant with the right to answer to the merits, and not for the purpose of

HARRELL *v.* WELSTEAD.

validating a judgment previously entered cutting off such right. *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175; *Michigan Central R. R. v. Mix,* 278 U. S., 492; 15 R. C. L., 700.

In *Lowman v. Ballard,* 168 N. C., 16, 84 S. E., 21, where service of summons was sought to be had by sheriff reading summons to defendant over telephone, it was held that judgment entered in the cause should be set aside on motion and defendant allowed to answer.

The motion of the corporate defendant to vacate the judgment by default and inquiry should have been allowed.

Indeed, it may be doubted whether a contrary holding would stand the test of due process. *Hassler v. Shaw,* 271 U. S., 195; *McDonald v. Mabee,* 243 U. S., 90; *Harkness v. Hyde,* 98 U. S., 476; *Markham v. Carver,* 188 N. C., 615, 125 S. E., 409; *Burton v. Smith,* 191 N. C., 599, 132 S. E., 605. "The essential elements of due process of law are notice and opportunity to defend." *Simon v. Craft,* 182 U. S., 427; *Daniels v. Homer,* 139 N. C., 219, 51 S. E., 992. No judgment of a court is due process of law, if rendered without jurisdiction in the court, or without notice to the party"—*Mr. Justice Gray* in *Scott v. McNeal,* 154 U. S., 34. Compare *Kauffman v. Wootters,* 138 U. S., 285; *York v. Texas,* 137 U. S., 15.

At one time in England the denial of due process was humorously styled Lydford Law, derived from Lydford, a village in Devonshire. A burlesque copy of verse on this town begins:

"I oft have heard of Lydford Law,
How in the morn they hang and draw,
And sit in judgment after."

See Introduction Scott's Minstrelsy of the Scottish Border.

The one fatal circumstance, which is not to be overlooked, is, that no appearance of any kind was made by the corporate defendant *before judgment* cutting off its right to be heard on the merits. It was pointed out in *York v. Texas,* 137 U. S., 15 (two *Justices* dissenting), that the mere rendition of a judgment, pursuant to a Texas statute, did not deprive a defendant of his property without due process of law, since he was thereafter at liberty to enjoin its execution; that only by execution of the judgment, and not by its rendition, was the defendant's property liable to be taken. But we are unwilling to say, in the absence of statute governing the matter, that a judgment by default and inquiry, admittedly void as to the corporate defendant for want of service or waiver of summons, is made alive against said defendant simply by motion to set it aside.

With respect to the individual defendant who was duly served with summons, it appears that he entrusted his case to one who is neither

a licensed nor a practicing attorney in this State, and employed no one who regularly practices in the courts of Currituck County, or of the First Judicial District, hence it would seem that his failure to answer must be attributed to his own negligence. *Pailin v. Cedar Works,* 193 N. C., 256, 136 S. E., 635; *Stallings v. Spruill,* 176 N. C., 121, 96 S. E., 890.

Error.