WASHINGTON COUNTY v. ANNIE B. BLOUNT AND HUSBAND, E. R. BLOUNT, WILLIAM BEST AND S. PAILIN.

(Filed 20 September, 1944.)

**Process §§ 1, 3, 4—**

Clerical errors or omissions in the copy of a summons delivered to a defendant will not affect the jurisdiction of the court, when they consist of mere irregularities, such as the want of the signature of the officer who issues it, the omission of the date of the summons, or the failure to endorse thereon the date and place of service. Such errors do not mislead or prejudice defendants.

APPEAL by defendants from *Thompson, J.,* at April Term, 1944, of WASHINGTON.

This is a tax foreclosure proceedings, instituted 25 January, 1940.

The Sheriff of Washington County served the original summons and a copy of the complaint on the defendants Annie B. Blount and E. R. Blount, on 27 January, 1940, by delivering a copy of the summons and a copy of the complaint to each of the aforesaid defendants. *Alias* summons was issued and served on William Best. S. Pailin was not to be found and was served by publication. No answers were filed.

On 28 April, 1940, the Clerk of the Superior Court entered an interlocutory judgment against the defendants for unpaid delinquent taxes, in the sum of $387.81, in which judgment said sum was declared a lien on the land described in the complaint and a commissioner was appointed to sell the land to satisfy the lien. The commissioner sold the property on 17 June, 1940, to Washington County, the last and highest bidder, for $387.81, which sale was duly confirmed. The commissioner executed a deed to Washington County on 15 July, 1940, which deed was filed for registration on 30 August, 1940. Thereafter, by deed dated 28 June, 1941, the Board of Commissioners of Washington County, N. C., conveyed the land in controversy to W. Blount Rodman and D. J. Brinkley, which conveyance was filed for registration on 30 August, 1941.

The defendants filed a motion in the cause before the Clerk of the Superior Court, more than one year after the execution of the commissioner's deed, to set aside the interlocutory judgment, the sale, the decree confirming the sale, and to declare null and void the commissioner's deed and the deed from the Board of Commissioners of Washington County to W. Blount Rodman and D. J. Brinkley, on the ground that the defendants, Annie B. Blount, E. R. Blount and William Best, had not been served with summons as required by law, in that the copies of the summons delivered to them by the Sheriff of Washington County at the time of the purported service, were not dated or signed by the Clerk. The

WASHINGTON COUNTY *v.* BLOUNT.

respondents, W. Blount Rodman and D. J. Brinkley, and Washington County, filed answers to the motion. The hearing on the motion was held 27 April, 1942. The Clerk found certain facts, those pertinent to this appeal follows: "That the copies of the summons served on the defendants, Annie B. Blount, E. R. Blount and William Best, were not signed by the Clerk, nor was the date of the issuance given."

The attorneys for the respondents moved to amend the copies of the summons served on the defendants; whereupon the court in its discretion ordered that the copies of the summons served on said defendants, Annie B. Blount, E. R. Blount and William Best, be amended by inserting therein the date of issue and that the Clerk of the Superior Court sign the said copies. The relief sought by the defendants was denied. Upon appeal to the Superior Court, his Honor adopted the findings of fact, as found by the Clerk of the Superior Court, and likewise ordered the amendments as requested in respondents' motion and denied the motion of the defendants.

The defendants appeal to the Supreme Court, assigning error.

*Margaret Johnson and Z. V. Norman for plaintiff.*
*P. H. Bell for defendants.*

DENNY, J. This appeal turns upon the question whether or not the failure of the Clerk of the Superior Court to sign and date the copies of the summons delivered to these appealing defendants, was a mere clerical error or one affecting the jurisdiction of the court.

Where the statute requires service of summons by delivery of a copy of the original writ to the defendant, such copy should, as a matter of course, conform exactly to the original, but frequently errors and omissions occur in the preparation of copies and it becomes necessary for the courts to determine the effect of particular clerical errors and omissions. In such cases it seems to be the general rule to disregard a clerical error or an omission where the party served has not been misled. Clerical errors or omissions in the copy of a summons delivered to a defendant will not affect the jurisdiction of the court, when they consist of mere irregularities, such as the "want of the signature of the officer who issued it, the omission of the date of summons, or the failure to endorse thereon the date and place of service," 50 C. J., sec. 79, p. 484. 49 Am. Jur., sec. 19, p. 20; *Lyon v. Baldwin,* 194 Mich., 118, 160 N. W., 428; *Flanery v. Kuska,* 143 Minn., 308, 173 N. W., 652; *Harris v. Taylor,* 148 Ga., 663, 98 S. E., 86; *Mayerson v. Cohen,* 108 N. Y. S., 59; *Cochran v. Davis,* 20 Ga., 581.

G. S., 1-89; C. S., 476, prescribes the contents of a summons, and G. S., 1-97; C. S., 483, prescribes how it shall be served. A summons

must be returnable before the Clerk, and must command the Sheriff or other proper officer to summons the defendant, or defendants, to appear and answer the complaint of the plaintiff within thirty days, not from the date of the issuance of the summons, but within thirty days after its service upon the defendant or defendants, and must contain a notice stating in substance that if defendant or defendants fail to answer the complaint within the time specified, the plaintiff will apply to the Court for the relief demanded in the complaint; and must be dated on the date of its issue and signed by the Clerk of the Superior Court having jurisdiction to try the action. Summons must be served within ten days after date of issue, except in actions for tax foreclosures and special improvement foreclosures, in which actions service may be made within sixty days after the date of its issue. The Sheriff or other officer serving a summons shall note in writing upon the copy of a summons delivered to a defendant, the date of service; but, failure to comply with this requirement shall not invalidate the service. The service of a summons is accomplished by the delivery of a copy of the original writ to the defendant in person, or to his qualified agent, as specified in G. S., 1-97.

In the instant case, the appellants were served in the manner prescribed by law and a copy of the complaint delivered to each of them, except the copies of the summons delivered to them were not dated and signed by the Clerk. How could they have been misled? The original summons was in proper form, dated 25 January, 1940, and signed by the Clerk of the Superior Court. All the material information contained in the original summons appeared in the copies served on the defendants. There is no contention that they were not fully informed as to the nature of the action, before whom the summons was returnable, and when and where it was returnable. The appellants are relying upon mere irregularities or technicalities, which in nowise misled them.

Moreover, in the case of *Hooker v. Forbes,* 202 N. C., 364, 162 S. E., 903, where the Clerk of the Superior Court failed to sign the original summons and judgment by default final had been taken, the trial judge permitted a correction by amendment *nunc pro tunc* and declined to set aside the judgment, and this Court affirmed the decision.

The appellants contend, however, the judgment herein is void and rely upon *Monroe v. Niven,* 221 N. C., 362, 20 S. E. (2d), 311, and *Harrell v. Welstead,* 206 N. C., 817, 173 S. E., 283. We do not so hold. In *Monroe v. Niven, supra,* there had been no service, while in *Harrell v. Welstead, supra,* the action was pending in Currituck County, but the Standard Oil Company of New Jersey, a defendant, had been served with a summons commanding it to appear and file answer in Pasquotank County. The judgment in each case was held void, and properly so. In

*Monroe v. Niven, supra,* the defendants had not received any notice of the pending action, while in *Harrell v. Welstead, supra,* there was a fatal variance between the place where defendant was commanded to appear and file its answer and the place where the suit was actually pending. These cases are not in point.

We hold that the omissions in the copies of the summons delivered to appellants were harmless irregularities and did not mislead or prejudice the appellants nor affect the jurisdiction of the court, hence the judgment of the court below is

Affirmed.