NORMAN EARL BRANTLEY v. LESTER SAWYER
No. 691SC286

(Filed 13 August 1969)

**1. Actions § 10— commencement of action**

Except as provided in G.S. 1-88, an action is commenced as to each defendant when the summons is issued against him. G.S. 1-14.

**2. Appeal and Error § 45— the brief — abandonment of assignment of error**

Assignment of error not brought forward in appellant's brief is deemed abandoned. Rule of Practice in the Court of Appeals No. 28.

**3. Process § 2— defective copy of summons — service — designation of wrong county**

Where copy of the summons served on defendant commanded him to appear and file answer in a county other than the one in which the action was pending, the copy is fatally defective in not conforming with the original summons which had designated the correct county, and the service of the copy does not confer jurisdiction on the court. G.S. 1-94.

**4. Process § 5— amendment of process — fatal defect — jurisdiction of court**

Where copy of summons is fatally defective in commanding the de-

fendant to appear and file answer in a county other than the one in which the action was pending, the copy cannot be amended so as to confer jurisdiction upon the court.

Appeal by defendant from *Parker, J.*, 20 January 1969 Civil Session of Superior Court held in Dare County.

This civil action was instituted by plaintiff to recover for injury alleged to have been sustained in an automobile wreck on 26 November 1962.

From an order denying defendant's motion to dismiss upon his special appearance, and allowing plaintiff's motion to "amend the summons," the defendant appealed.

*Broughton & Broughton by J. Mac Boxley for plaintiff appellee.*

*Teague, Johnson, Patterson, Dilthey & Clay by Bob W. Bowers for defendant appellant.*

Mallard, C.J.

Summons was issued by the Clerk of the Superior Court of Dare County on 26 November 1965.

[1]   "An action is commenced as to each defendant when the summons is issued against him." G.S. 1-14. See G.S. 1-88 for exceptions thereto.

[2]   The original summons issued herein is in substantial compliance with the provisions of G.S. 1-89. Defendant abandoned his assignment of error relating thereto by not bringing it forward in his brief. See Rule 28 of the Rules of Practice in the Court of Appeals.

In G.S. 1-94 it is provided, in part, that "(t)he officer to whom the summons is addressed must note on it the day of its delivery to him and serve it by delivering a copy thereof to each of the defendants."

The sheriff in this case did not serve a correct copy of the original summons on the defendant. The copy of the summons delivered to the defendant by the sheriff on 1 December 1965 reads as follows:

"STATE OF NORTH CAROLINA

DARE COUNTY.                    IN THE SUPERIOR COURT

NORMAN EARL BRANTLEY,
           Plaintiff
      against                         SUMMONS
LESTER SAWYER,
          Defendant

THE STATE OF NORTH CAROLINA,

To the Sheriff of Dare County-Greetings

YOU ARE COMMANDED to summon Lester Sawyer Manns Harbor, N. C., the defendant—above named, if he be found within your County, to appear before the Clerk of the Superior Court for the County of Pasquotank, at his office in Elizabeth City, N. C. within thirty (30) days after the day of service hereof, and answer the complaint, which has been filed in the office of the said Clerk of the Superior Court of said County, a Copy which is served herewith. And let him take notice that if he fail to answer said complaint within the time specified, the plaintiff will apply to the Court for the relief demanded in the complaint.

Herein fail not and of this summons make due return.

Given under my hand and seal of said Court, this 26 day of November, 1965.

                    C. S. MEEKINS,
                    Clerk Superior Court."

On 31 December 1965 defendant filed an entry of "Special Appearance and Motion to Dismiss" as follows:

"Now comes Lester Sawyer, the defendant herein, and enters a special appearance solely for the purpose of making this motion and upon such appearance moves the Court that the service of summons be quashed and that this action be dismissed for that the Court has not in this action properly acquired jurisdiction over the person of this defendant.

And as grounds for this motion this defendant respectfully shows unto the Court:

That summons, photostatic copy of which is attached hereto, was issued on November 26, 1965, by the Clerk of Superior

Court of Dare County, North Carolina, commanding the Sheriff of Dare County to summon Lester Sawyer, Manns Harbor, N. C., 'the defendant above named, if he be found within your County, to appear before the Clerk of the Superior Court for the County of Pasquotank, at his office in Elizabeth City, N. C. within thirty (30) days after the day of service hereof, and answer the complaint, which has been filed in the office of the said Clerk of the Superior Court of said County, a Copy which is served herewith. And let him take notice that if he fail to answer said complaint within the time specified, the plaintiff will apply to the Court for the relief demanded in the complaint.'

That there is no suit presently pending in Pasquotank County, to which this defendant can file answer and that defendant has, therefore, not been properly served with process in this cause.

WHEREFORE, defendant respectfully moves the Court that this action be dismissed for that the court has not in this action properly acquired jurisdiction over the person of this defendant.

This 30th day of December, 1965."

This motion was not ruled upon until 1 March 1969, which was after plaintiff had filed a motion to amend the copy of summons on 20 January 1969.

Upon a hearing the court found facts and entered an order as follows:

"This matter coming on to be heard before the undersigned Judge Presiding at the January, 1969, Civil Term of the Superior Court of Dare County upon the special appearance and motion to dismiss of the defendant and motion to amend summons filed by the plaintiff and the Court after hearing counsel for the plaintiff and counsel for the defendant and after reviewing written briefs filed on behalf of the respective parties and reviewing the various other documents on file, finds as follows:

(1) That summons and complaint were filed in the office of the Clerk of the Superior Court of Dare County, November 26, 1965, with summons having been issued by the Clerk of Superior Court of Dare County on the same date.

(2) That the original summons issued by the Clerk of Superior Court and on file in said office is proper and correct in all particulars.

(3)   That under date of December 1, 1965, the defendant was served with a copy of the summons issued November 26, 1965, which summons had attached to it a copy of the complaint; that said summons was served on the defendant by Samuel O. Smith, a Deputy Sheriff of Dare County and a member of the staff of Sheriff Frank Cahoon of Dare County whose name appears on the back of said summons along with that of Deputy Samuel O. Smith.

(4)   That the copy of the summons served upon the defendant was a form customarily used for summonses issued from the Superior Court of Pasquotank County, the County in which one of plaintiff's attorneys, Mr. Forrest V. Dunstan, maintained his office; that said copy of the summons was signed November 26, 1965, by Honorable C. S. Meekins, Clerk of Superior Court of Dare County, it appearing that at the top of the page of said summons the word 'Pasquotank' had been marked out and the word 'Dare' inserted on the same line and just before the word 'County'; that the word 'Pasquotank' appears in that part of the copy of the summons which refers to time within which defendant shall have to answer the complaint and the place where defendant shall appear within said time.

(5)   That plaintiff was represented at the time the lawsuit in question was commenced by the filing of the complaint and summons by Mr. Forrest V. Dunstan of Elizabeth City, North Carolina, and Mr. Wallace R. Gray of Manteo, North Carolina.

(6)   That as of November 26, 1965, the Honorable C. S. Meekins had an unbroken period of service as clerk of the Superior Court of Dare County totaling thirty-nine (39) years; that the defendant at the time of service of the summons and complaint upon him had been a resident of Dare County for a period of thirty-five (35) years and the defendant knew that said C. S. Meekins was and had been serving as Clerk of the Superior Court of Dare County; that the Honorable Frank Cahoon had been Sheriff of Dare County for a number of years prior to November 26, 1965, and was known to the defendant, although Deputy Sheriff Smith was not.

(7)   That the copy of the complaint which was delivered to the defendant at the time he was served with copy of the summons had at the top of the first page and as a part of the caption of the case the words 'North Carolina — Dare County'; that the complaint alleges, among other things, that the plaintiff and defendant are citizens and residents of Dare County,

and that the subject matter of said suit occurred on November 26, 1962, one mile from the City limits of Manteo, North Carolina, the county seat of Dare County; that the plaintiff verified the complaint before a notary public of Dare County.

(8)    That the summons served upon the defendant while having the word 'Pasquotank' appearing as referred to in (4) above, nevertheless had sufficient information upon it to provide the defendant with notice that the suit had been instituted in Dare County Superior Court, and the inadvertence in not inserting the word 'Dare' in lieu of the word 'Pasquotank' at said point does not constitute a fatal defect and grounds for the dismissal of this action.

(9)    That the Court in its discretion should allow plaintiff to correct said non-fatal defect in the copy of the summons by an appropriate amendment.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the motion of the defendant be and the same is hereby overruled and that the motion of the plaintiff to amend said summons is hereby allowed; that the plaintiff shall proceed to serve upon the defendant an amended summons with the defendant having thirty (30) days from date of said service within which to file answer.

By consent of the parties, this order is signed out of term and out of the district, this 1st day of March, 1969."

[3]    This appeal turns upon the question of whether the copy of the summons served on the defendant commanding him to appear before the Clerk of the Superior Court of Pasquotank County when in fact the action was pending in Dare County is a fatal or non-fatal variance. In this case, we hold that it was a fatal variance.

The court did not acquire jurisdiction over the person of the defendant because proper summons was not served upon him. In the case of *Williams v. Cooper*, 222 N.C. 589, 24 S.E. 2d 484 (1943), the court said:

"Jurisdiction of the person depends on notice and the duty to give notice by service of a valid summons rests upon plaintiff. When jurisdiction of the person is challenged for that there was no legal service of a valid summons a motion to dismiss made on special appearance is ordinarily the proper method of presenting the question for decision."

See also *Credit Corp. v. Satterfield*, 218 N.C. 298, 10 S.E. 2d 914 (1940), and *McLeod v. Pearson*, 208 N.C. 539, 181 S.E. 753 (1935).

In *Washington County v. Blount,* 224 N.C. 438, 31 S.E. 2d 374 (1944), Justice Denny (later Chief Justice), speaking for the court, said:

"Where the statute requires service of summons by delivery of a copy of the original writ to the defendant, such copy should, as a matter of course, conform exactly to the original, but frequently errors and omissions occur in the preparation of copies and it becomes necessary for the courts to determine the effect of particular clerical errors and omissions. In such cases it seems to be the general rule to disregard a clerical error or an omission where the party served has not been misled. Clerical errors or omissions in the copy of a summons delivered to a defendant will not affect the jurisdiction of the court, when they consist of mere irregularities, such as the 'want of the signature of the officer who issued it, the omission of the date of summons, or the failure to endorse thereon the date and place of service,' 50 C.J., sec. 79, p. 484. 49 Am. Jur., sec. 19, p. 20; *Lyon v. Baldwin,* 194 Mich., 118, 160 N.W., 428; *Flanery v. Kuska,* 143 Minn., 308, 173 N.W., 652; *Harris v. Taylor,* 148 Ga., 663, 98 S.E., 86; *Mayerson v. Cohen,* 108 N.Y.S., 59; *Cochran v. Davis,* 20 Ga., 581."

In the case of *Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283 (1934), a default judgment was set aside where the defendant had been summoned to appear before the clerk of court in the wrong county. The court said:

". . . [S]aid defendant had never been summoned to appear in Currituck County. Its summons was to appear before the clerk of the Superior Court of Pasquotank County and answer the complaint filed in his office. Therefore, unless the corporate defendant had come in by answer, it was not in court at all, . . ."

**[3, 4]** Speaking of the type of variance that had occurred in *Harrell,* the Supreme Court in *Washington County v. Blount, supra,* described it as "a fatal variance between the place where defendant was commanded to appear and file its answer and the place where the suit was actually pending." While the *Harrell* case is factually distinguishable from the present case, there can be no doubt that in both cases, the defendant was commanded to appear before the clerk of Superior Court in a county where the action was not pending. The conclusion is inescapable that in the present case the purported copy of the summons served upon the defendant was fatally defective in that it was not a copy of the original. Therefore, the

defendant was not delivered a copy of the summons as required by G.S. 1-94, and the court acquired no jurisdiction. Amendments may not be made to confer jurisdiction. The court could not by amendment cure such jurisdictional defect. McIntosh, N.C. Practice 2d, § 1284. The amendments provided for in G.S. 1-163 do not permit an amendment to a summons of such a nature as to give jurisdiction where none existed. To do so in this case might prejudice the right of the defendant to plead the statute of limitations. See McIntosh, N.C. Practice 2d, § 868. See also *Scott v. Jarrell*, 167 N.C. 364, 83 S.E. 563 (1914); 6 Strong, N.C. Index 2d, Process § 1, and Annot., 93 A.L.R. 2d 376.

In an annotation in 154 A.L.R. 1019, 1020, the following appears:

> "It goes almost without saying that a summons or other process in which an error or omission as regards the court or judge or the place of the court's convening is found to render the writ void cannot be amended, since, being void, it is a nullity and there is nothing to amend. . . ."

This cause of action arose out of an automobile wreck which was alleged to have occurred on 26 November 1962. It was commenced three years later on 26 November 1965. Motion to dismiss was filed 31 December 1965. It appears to us that plaintiff's motion to amend, filed on 20 January 1969, over three years after the motion to dismiss, reveals a lack of diligence on his part to prosecute his action.

The order overruling defendant's motion to dismiss and allowing plaintiff's motion to "amend the summons" is

Reversed.

BRITT and PARKER, JJ., concur.