FRANKLIN DeWITT CARRIKER v. CHARLES PARKER MILLER

No. 6926SC315

(Filed 27 August 1969)

**Process § 2; Pleadings § 1— copy of order extending time for filing complaint — omission of date**

Where the copy of the order extending time for filing complaint was incomplete as delivered to defendant in that it did not show the particular day of the month to which time for filing complaint had been extended, such omission was a harmless irregularity and did not mislead or prejudice defendant nor affect the jurisdiction of the court. G.S. 1-121.

APPEAL by defendant from *Anglin, J.,* 3 February 1969 Schedule "A" Civil Session of MECKLENBURG Superior Court.

This is a civil action to recover damages resulting from a motor vehicle collision which occurred on 26 April 1965. Summons was issued on 25 April 1968. At the time of issuing summons, plaintiff did not file complaint but applied for and obtained an order from the assistant clerk of superior court extending the time for filing the complaint to 15 May 1968. The originals of the summons, application for extension of time, and order extending time for filing the complaint were complete in all respects. Summons was served and a copy of the application and order were delivered to defendant on 1 May 1968. The copy of the order extending time for filing complaint as delivered to defendant was incomplete in that it did not show the particular day in May to which time for filing complaint had been extended, the copy showing that the time for filing complaint was extended "to the ........ day of May, 1968." The complaint was filed on 15 May 1968 and was served on defendant on 16 May 1968. On 3 June 1968 defendant entered a special appearance and moved to dismiss the plaintiff's action on the grounds that plaintiff had failed to comply with G.S. 1-121 in that no copy of the order extending time in which to file complaint had been served on defendant since the purported copy as served upon him did not show the date upon which the complaint was to be filed.

From an order denying defendant's motion to dismiss upon his special appearance and allowing defendant 30 days in which to file answer, defendant appealed.

*Thomas M. Mullen for plaintiff appellee.*

*Kennedy, Covington, Lobdell & Hickman, by Hugh L. Lobdell for defendant appellant.*

PARKER, J.

G.S. 1-121 provides that the complaint must be filed in the clerk's office at or before the time of the issuance of summons, "provided, that the clerk may at the time of the issuance of summons on application of plaintiff by written order extend the time for filing complaint to a day certain not to exceed twenty (20) days, and a copy of such order shall be delivered to the defendant, or defendants, at the time of the service of summons in lieu of a copy of the complaint. . . ."

Defendant appellant contends that the critical word in the above-quoted portion of the statute is the word "copy," that this word means an exact duplicate of the original, and that since the purported copy of the order extending time for filing the complaint as served upon him was not an exact duplicate of the original in that the day in May 1968 to which the time for filing complaint was extended was left blank, the service upon him was fatally defective. In *Washington County v. Blount*, 224 N.C. 438, 31 S.E. 2d 374, the North Carolina Supreme Court, speaking through Denny, J., (later C.J.) said:

> "Where the statute requires service of summons by delivery of a copy of the original writ to the defendant, such copy should, as a matter of course, conform exactly to the original, but frequently errors and omissions occur in the preparation of copies and it becomes necessary for the courts to determine the effect of particular clerical errors and omissions. In such cases it seems to be the general rule to disregard a clerical error or omission where the party served has not been misled. Clerical errors or omissions in the copy of a summons delivered to a defendant will not affect the jurisdiction of the court, when they consist of mere irregularities, such as the 'want of the signature of the officer who issued it, the omission of the date of summons, or the failure to endorse thereon the date and place of service (citing authorities).' "

In that case the copies of the summons delivered to the defendants were not dated or signed by the clerk. The Supreme Court held that the defendants, in contending that the service of summons upon them was defective, were "relying upon mere irregularities or technicalities, which in no wise misled them," and accordingly held that the omissions in the copies of the summons delivered to defendants were harmless irregularities and did not affect the jurisdiction of the court.

In the case presently before us the defendant could not have been misled by the omission from the copy of the order extending

time for filing complaint of the exact day in May to which time for filing the complaint had been extended. He knew from the service of the summons upon him that civil action had been instituted against him. He knew from the copy of the application for extension of time as served upon him the exact nature of the suit which had been brought against him. The complaint was actually filed within the time permitted by the extension order, and copy of the complaint was served upon defendant in apt time and more than two weeks prior to the time defendant entered his special appearance and filed motion to dismiss.

The present case is clearly distinguishable from the situation which was presented in the case of *Brantley v. Sawyer,* 5 N.C. App. 557, 169 S.E. 2d 55, and from the case of *Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283. In each of those cases the copy of the summons which was delivered to the defendant directed him to appear in a county other than that in which the suit was pending. The Supreme Court in *Washington County v. Blount, supra,* cited and distinguished the *Harrell case,* characterizing the defects in *Harrell* as "a fatal variance between the place where the defendant was commanded to appear and file its answer and the place where the suit was actually pending."

We hold that the omission in the copy of the extension order which was delivered to appellant was a harmless irregularity and did not mislead or prejudice appellant nor affect the jurisdiction of the court.

The judgment appealed from is

Affirmed.

MALLARD, C.J., and BRITT, J., concur.