EUGENE V. GRACE v. BOBBY G. JOHNSON

No. 7415DC28

(Filed 1 May 1974)

Process § 5— process running from wrong county — amendment

> Where the summons commanded the defendant to appear and answer in a county other than the one in which the action was pending, the summons could not be amended to show the proper county and defendant's motion to quash the summons should have been allowed. G.S. 1A-1, Rule 4(i); G.S. 1A-1, Rule 12(b) (4).

APPEAL by defendant from *Peele, District Court Judge,* 11 June 1973 Session of District Court held in CHATHAM County.

The complaint was filed in the District Court Division of the General Court of Justice in Chatham County on 16 March 1973. The original summons and the copy thereof served on

Grace v. Johnson

defendant ran from Durham County. Plaintiff discovered this error on 27 March 1973, some eight days after defendant had been served, and immediately mailed notification of the error to defendant and his attorney. On 17 April 1973, plaintiff moved to amend the summons to run from Chatham rather than Durham County. Defendant moved to quash the summons as insufficient and defective. Plaintiff's motion to amend was granted, and defendant's motion to quash summons was denied.

*Newsom, Graham, Strayhorn, Hedrick, Murray & Bryson by O. William Faison, Jr., for plaintiff appellee.*

*White, Allen, Hooten & Hines, P.A., by Thomas J. White III, for defendant appellant.*

VAUGHN, Judge.

Rule 4 (i) of the Rules of Civil Procedure empowers the court to allow amendment of the summons at any time in its discretion unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued. A comment by the General Statutes Commission states that the rule "in terms, does not provide for any greater liberality of amendment than did former G.S. 1-163." We agree. The question, therefore, is whether an amendment to the summons to correct the name of the court in which the action was commenced would have been allowable under former G.S. 1-163. This question was answered in *Brantley v. Sawyer*, 5 N.C. App. 557, 169 S.E. 2d 55. In that case the trial court allowed plaintiff to amend the name of the court in which the action was pending. On appeal, this court held that the amendment should not have been allowed because of the fatal variance between the place where defendant was commanded to appear and the place where the suit was pending. In the case before us now, the action was pending in Chatham County. The original and copy of the summons directed defendant to appear and answer in Durham County. Defendant's motion under Rule 12 (b) (4) should have been allowed.

Reversed.

Judges BRITT and PARKER concur.