NATHAN P. EVERHART v. BILLY JOE SOWERS AND BILLY JOE SOWERS, T/A REEDY CREEK MOTORS

No. 8222SC509

(Filed 6 September 1983)

**Actions § 10; Process § 1.2; Rules of Civil Procedure § 4— summonses listing wrong county—voluntary dismissal—new complaint—no relation back**

> Summonses which incorrectly listed the county in which the complaint had been filed as "Cabarrus" rather than "Davidson" were fatally defective and did not confer jurisdiction on the court over defendants in that action. Therefore, where plaintiff filed a voluntary dismissal of the action without prejudice and filed another complaint within a year thereafter, the second complaint signified the commencement of a new action, not the continuation of the previous one under G.S. 1A-1, Rule 41(a), and the statute of limitations was not tolled by the original action. G.S. 1A-1, Rule 4(a) and (b).

APPEAL by plaintiff from *Collier, Judge.* Judgment entered 5 January 1982 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 18 March 1983.

This is a civil action wherein plaintiff seeks a monetary recovery for personal injuries sustained in an automobile accident

allegedly resulting from defendants' negligent operation of a motor vehicle on 4 February 1977.

On 30 January 1980, nearly three years after the alleged date of the accident, plaintiff initiated legal proceedings by filing a complaint in Davidson County Superior Court. The Deputy Clerk of Davidson County Superior Court issued summonses on the same day directing defendants to appear and answer the complaint within 30 days "at the office of the undersigned clerk." The summonses were issued under the same docket number as the complaint and were consistent with the complaint in all other respects except that, in the space provided in the caption portion of the summonses for entering the name of the county in which the complaint has been filed, the summonses read "Cabarrus" rather than "Davidson."

On 20 February 1980, defendants made a special appearance and moved to dismiss plaintiff's complaint under G.S. 1A-1, Rule 12(b)(2) and (5), for lack of personal jurisdiction and insufficiency of process. On 28 April 1980, plaintiff, pursuant to G.S. 1A-1, Rule 41(a)(1)(i), filed notice of voluntary dismissal without prejudice in the action.

On 27 April 1981, 364 days after taking the voluntary dismissal, plaintiff filed a complaint in Davidson County which was identical in all material respects to the complaint filed on 30 January 1980. Defendants answered on 27 May 1981 denying the material allegations in the complaint and pleading the statute of limitations as a bar to plaintiff's action. Defendants also moved for judgment on the pleadings for the same reason. On 10 June 1981, plaintiff moved for leave to file a reply to defendants' answer. Plaintiff's motion was granted and defendants' motions were denied after a hearing on 18 June 1981. Plaintiff replied on 23 June 1981.

On 17 December 1981, defendants moved for summary judgment, alleging that the statute of limitations barred plaintiff's action. On 11 January 1982, the court entered an order granting summary judgment to defendants. Plaintiff appealed.

*Thomas K. Spence, for plaintiff appellant.*

*Brinkley, Walser, McGirt, Miller & Smith, by Charles H. McGirt and Stephen W. Coles, for defendant appellees.*

JOHNSON, Judge.

The sole question presented by this appeal is whether plaintiff's action is barred by the statute of limitations. The applicable sections of the North Carolina Statutes, G.S. 1-15 and 1-52(16), provide in effect that an action based on personal injury must be commenced within three years of the date on which the claim accrued. For purposes of personal injury, the claim is deemed to have accrued when the injury became or should have become apparent to the claimant.

Plaintiff argues that the trial court's grant of summary judgment for defendants was improper in that the statute of limitations was not a bar to plaintiff's action. Plaintiff contends that his entry of notice of voluntary dismissal without prejudice with respect to the 30 January 1980 complaint entitled him under Rule 41(a) to recommence the same action at any time within one year from the date of the voluntary dismissal.

Defendants contend that the summonses issued in connection with the 30 January 1980 complaint were fatally defective in that they failed to indicate the county where the action was pending. As such, defendants argue, the summonses were ineffective for purposes of obtaining in personam jurisdiction over them. Since the court had no jurisdiction, defendants contend that any subsequent proceedings in the action, including plaintiff's taking a voluntary dismissal without prejudice, did not affect them and were ineffective to suspend the running of the statute of limitations.

Plaintiff contends that the failure to indicate on the summonses the county where the action was pending was a non-jurisdictional defect in form and was, therefore, sufficient to give the court jurisdiction over defendants. In support of this contention, plaintiff cites the case of *Beck v. Voncannon*, 237 N.C. 707, 75 S.E. 2d 895 (1953).

*Beck* involved a situation where a summons had been issued over the signature of the Deputy Clerk of Court rather than the Clerk, as purported on the face of the summons. Defendant in that case contended that the summons, therefore, did not meet the requirements of due process and was ineffectual to confer jurisdiction. In overruling that contention, the *Beck* court held

that such formal irregularities were non-jurisdictional, not fatal to the action, and could be corrected by amendment.

However, with regard to the character of the defect in the summonses in the instant case, the case of *Grace v. Johnson*, 21 N.C. App. 432, 204 S.E. 2d 723 (1974), is directly on point. That case holds that where an action is filed in one county and summons issued directing defendant to appear and answer in another county, the summons is fatally defective. A fatally defective summons is incapable of conferring jurisdiction. *Philpott v. Kerns*, 285 N.C. 225, 203 S.E. 2d 778 (1974). The summonses issued in connection with the filing of the 30 January 1980 complaint did not confer jurisdiction of the court over defendants in that action.

The question that remains is how this failure to obtain jurisdiction affects the rights of the parties with respect to the statute of limitations and plaintiff's ability to preserve his claim under Rule 41(a).

Under the Rules of Civil Procedure, an action is commenced by the filing of a complaint or the issuance of a summons. G.S. 1A-1, Rule 3. Rule 4(a) states, "Upon the filing of a complaint, summons *shall* be issued forthwith, and in any event *within five days*." (Emphasis added.) Due process requires that a party be properly notified of the proceeding against him. *Acceptance Corp. v. Spencer*, 268 N.C. 1, 149 S.E. 2d 570 (1966). In order for a summons to serve as proper notification, it must be issued and served in the manner prescribed by statute. *Roshelli v. Sperry*, 57 N.C. App. 305, 291 S.E. 2d 355 (1982). Rule 4(b) provides that a summons "shall contain . . . the name of the court and the county where the action has been commenced." Where a complaint has been filed and proper summons does not issue within the five days allowed under Rule 4, the action is deemed never to have commenced. *Id.*

Inasmuch as the summonses issued in connection with the initial filing of the 30 January 1980 complaint failed to note the county where the action was pending, they were fatally defective and, for purposes of Rule 4, improper. Since proper summons did not issue within the five days allowed under the rule, the action which plaintiff alleges was initiated on 30 January 1980 is deemed never to have commenced. It follows, therefore, that the statute of limitations was never tolled with respect to the subject of that

complaint. *See Roshelli v. Sperry,* 63 N.C. App. 509, 305 S.E. 2d 218 (1983) (same case as above, different issue on appeal).

The complaint filed on 28 April 1981 signifies the initiation of a new action, not a continuation of the previous one. *Id.* Since this action was commenced more than three years from the date on which plaintiff's claim accrued, it is barred by the statute of limitations. *Id.* It would have been proper, therefore, for the trial court to have granted defendants' motions to dismiss and for judgment on the pleadings and never to have proceeded to summary judgment. The question that is before us, however, is whether the order granting summary judgment to defendants was proper. We hold that it was.

Affirmed.

Judges WELLS and HILL concur.