GARY EMERY HAZELWOOD v. JIMMY DALE BAILEY and WILLIAM CALVIN BAILEY

No. 544PA93

(Filed 10 February 1995)

**1. Process and Service § 17 (NCI4th)— summons—wrong county designated—correctable**

The designation of the incorrect county in a personal injury action arising from an automobile accident rendered a summons voidable rather than void where the summons gave defendants notice of the commencement of an action in the Superior Court of the General Court of Justice, alerted defendants that an answer to plaintiff's complaint must be filed in the superior court within thirty days of its service, the complaint correctly noted that the action was pending in Rockingham County even though the summons incorrectly instructed defendants to appear in Guilford County, the allegations of the complaint indicated that plaintiff and both defendants were residents of Rockingham County and

**HAZELWOOD v. BAILEY**

[339 N.C. 578 (1995)]

that the automobile accident occurred in Rockingham County, and defendants were not in fact confused as to the county in which to appear, as evidenced by the filing of their answer and offer of judgment in the appropriate county. The incorrect county designation amounted to an irregularity or error in form which can be corrected by amendment if the requirements of N.C.G.S. § 1A-1, Rule 4(i) are met.

**Am Jur 2d, Process § 94 et seq.**

2. **Process and Service § 21 (NCI4th)— summons—designation of wrong county—motion to amend denied—remanded**

A motion to amend a summons which had designated the wrong county was remanded where it was apparent that the court had refused to allow the amendment in the erroneous belief that the designation of the wrong county rendered the summons void rather than voidable. N.C.G.S. § 1A-1, Rule 4(i).

**Am Jur 2d, Process §§ 96 et seq.**

Justices LAKE and ORR did not participate in the consideration or decision of this case.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, 112 N.C. App. 543, 436 S.E.2d 417 (1993), affirming an order dismissing plaintiff's complaint for insufficiency of process and insufficiency of service of process entered by McHugh, J., on 14 April 1993 in Superior Court, Rockingham County. Heard in the Supreme Court 15 September 1994.

*Gabriel, Berry & Weston, by M. Douglas Berry; and Cranfill, Sumner & Hartzog, L.L.P., by Richard T. Boyette and Edward C. LeCarpentier III, for plaintiff-appellant.*

*Nichols, Caffrey, Hill & Evans, L.L.P., by Richard L. Pinto and Matthew L. Mason, for defendant-appellees.*

FRYE, Justice.

Plaintiff presents two related issues on this appeal: (1) whether the trial court erred in granting defendants' motion to dismiss plaintiff's claim due to the incorrect designation of the county on the civil summons form, and (2) whether the trial court erred in denying plaintiff's motion to amend his summons under Rule 4(i) of the North Car-

olina Rules of Civil Procedure to substitute the correct county on the summons when there was no showing of any material prejudice to defendants. We answer the first question in the affirmative and therefore reverse the Court of Appeals. As to the second question, we conclude that the trial court failed to exercise its discretion in denying plaintiff's motion to amend the summons and therefore remand this case to the Court of Appeals with instructions that it further remand to the trial court for an exercise of the trial court's discretion on this question in accordance with this opinion.

The procedural history of this case is as follows: Plaintiff commenced this action by filing a complaint in Superior Court, Rockingham County, on 2 July 1992, seeking damages for personal injuries received in an automobile accident on 5 July 1989. Plaintiff's complaint correctly designated Rockingham County as the county in which the action was filed. However, the civil summons form, issued by a deputy clerk of Superior Court, Rockingham County, directed defendants to answer the complaint in Guilford County. On 7 July 1992, defendants were served with both the summons and the complaint. In order to facilitate settlement discussions, plaintiff granted defendants an extension of time to file an answer to the complaint.

On 25 November 1992, defendants filed an answer in Superior Court, Rockingham County. In their answer, defendants asserted a motion to dismiss the complaint for insufficiency of process and insufficiency of service of process pursuant to Rule 12(b)(4) and (5). On 8 December 1992, following a pretrial conference, the trial judge signed an order which indicated that there were no pending motions or other matters which would require a delay in calendaring the case and established a discovery completion date and trial date for the matter. On 16 December 1992, defendants filed an offer of judgment in Superior Court, Rockingham County.

On 10 February 1993, plaintiff filed a motion to amend the summons to correctly designate Rockingham County as the county where the action was pending, pursuant to Rule 4(i) of the Rules of Civil Procedure. A motions hearing was held before Judge Peter M. McHugh at the 22 February 1993 Civil Session of Superior Court, Rockingham County. In an order entered 14 April 1993, Judge McHugh, concluding that the civil summons was void because of the designation of the incorrect county, allowed defendants' motion to dismiss the complaint and denied plaintiff's motion to amend the summons. Plaintiff appealed to the Court of Appeals, which affirmed the trial court in an

## HAZELWOOD v. BAILEY

[339 N.C. 578 (1995)]

unpublished opinion filed 2 November 1993. *Hazelwood v. Bailey*, 112 N.C. App. 543, 436 S.E.2d 417 (1993). This Court allowed plaintiff's petition for discretionary review on 3 March 1994.

[1] Plaintiff first contends that the trial court erred in granting defendants' motion to dismiss pursuant to Rules 12(b)(4) and (5) of the North Carolina Rules of Civil Procedure. Plaintiff argues that the designation of the incorrect county on the civil summons form is not a jurisdictional defect but rather an irregularity or error in form correctable by amending the summons in accordance with Rule 4(i). We agree.

"The purpose of a service of summons is to give notice to the party against whom a proceeding is commenced to appear at a certain place and time and to answer a complaint against him." *Harris v. Maready*, 311 N.C. 536, 541, 319 S.E.2d 912, 916 (1984). Rule 4 of the North Carolina Rules of Civil Procedure, which governs process and the service of process, is intended to provide notice of the commencement of an action and " 'to provide a ritual that marks the court's assertion of jurisdiction over the lawsuit.' " *Id.* at 541-42, 319 S.E.2d at 916 (quoting *Wiles v. Welparnel Constr. Co.*, 295 N.C. 81, 84, 243 S.E.2d 756, 758 (1978)).

In regard to defects in a summons, this Court has stated:

> Where there is a defect in the process itself, the process is generally held to be either voidable or void. Where the process is voidable, the defect generally may be remedied by an amendment because the process is sufficient to give jurisdiction. Where the process is void, however, it generally cannot be amended because it confers no jurisdiction. 62 Am. Jur. 2d *Process* § 21 (1972).

*Maready*, 311 N.C. at 542, 319 S.E.2d at 916.

Rule 4(b) provides, in pertinent part, that a summons "shall contain the title of the cause and the name of the court and county wherein the action has been commenced." N.C.G.S. § 1A-1, Rule 4(b) (1990). The summons in this case contains the title of the cause and the name of the court wherein the action was commenced. The only defect in the summons is the designation of the incorrect county. Therefore, the critical question in this case is whether the designation of the incorrect county in the summons renders it void or voidable.

The trial court and Court of Appeals relied on previous Court of Appeals' decisions and language from decisions of this Court in con-

cluding that the summons in this case was void and that plaintiff's action must be dismissed. In *Brantley v. Sawyer*, 5 N.C. App. 557, 169 S.E.2d 55 (1969), the Court of Appeals held that the copy of the summons served on the defendant directing him to appear and answer in a county other than the one where the action was instituted was a fatal variance, incapable of conferring jurisdiction over defendant. The court in *Brantley* also reversed the trial court's grant of the plaintiff's motion to amend the summons to designate the correct county, stating that "[a]mendments may not be made to confer jurisdiction." *Id.* at 564, 169 S.E.2d at 59. The *Brantley* decision was followed by the Court of Appeals in *Grace v. Johnson*, 21 N.C. App. 432, 204 S.E.2d 723 (1974) (holding that the trial court erred in denying defendant's motion to quash a summons which commanded the defendant to appear and answer in a county other than the one in which the action was pending, even though plaintiff discovered the error and notified defendant only eight days after defendant was served), and in *Everhart v. Sowers*, 63 N.C. App. 747, 306 S.E.2d 472 (1983) (holding that summonses which incorrectly designated the county where the action was pending were fatally defective and did not confer jurisdiction of the court over defendants).

The *Brantley* court relied on language from this Court's decisions in *Harrell v. Welstead*, 206 N.C. 817, 175 S.E. 283 (1934), and *Washington County v. Blount*, 224 N.C. 438, 31 S.E.2d 374 (1944). In *Harrell v. Welstead*, the plaintiff instituted her action in Currituck County, but the summons served on the corporate defendant directed it to appear before the clerk of court in Pasquotank County. The corporate defendant's answer was received in Currituck County a day late, and a judgment by default and inquiry was entered. This Court set aside the default judgment, stating that "[a] default judgment rendered against a defendant in an action where he has never been served with process returnable to the proper county, nor appeared in person or by attorney, is not simply voidable, but void, and will be set aside on motion." *Harrell*, 206 N.C. at 819, 175 S.E. at 285.

In *Washington County v. Blount*, this Court affirmed the trial court's order which denied defendants' motion to set aside a tax foreclosure sale on the ground that the summons was defective and allowed the plaintiff to amend the summons by inserting the date of issue and having the clerk of court sign the summons. In distinguishing that case from its earlier decision in *Harrell*, the Court noted that while the omissions of the date and signature of the clerk were "harm-

less irregularities" which did not "mislead or prejudice" the defendants "nor affect the jurisdiction of the court," in *Harrell*, "there was a fatal variance between the place where defendant was commanded to appear and file its answer and the place where the suit was actually pending." *Washington County*, 224 N.C. at 440-41, 31 S.E.2d at 376.

Citing the cases discussed above, defendants contend that the doctrine of *stare decisis* requires this Court to hold that the summons in this case is void rather than voidable. However, in recent decisions, we have emphasized that while this Court attaches great importance to *stare decisis*, it will not be applied "when it results in perpetuation of error or grievous wrong, since the compulsion of the doctrine is, in reality, moral and intellectual, rather than arbitrary and inflexible." *Wiles v. Welparnel Constr. Co.*, 295 N.C. 81, 85, 243 S.E.2d 756, 758 (citations omitted). Our recent decisions interpreting the Rules of Civil Procedure have focused on substance rather than form. *Lemons v. Old Hickory Council*, 322 N.C. 271, 275, 367 S.E.2d 655, 657 (" 'The aim [of the Rules] is to achieve simplicity, speed and financial economy in litigation. Liberality is the canon of construction.' ") (quoting James E. Sizemore, *General Scope and Philosophy of the New Rules*, 5 Wake Forest Intra. L. Rev. 1, 6 (1968)), *reh'g denied*, 322 N.C. 610, 370 S.E.2d 247 (1988).

In determining whether the summons in the present case is void or voidable, we find this Court's decisions in *Wiles v. Welparnel Constr. Co.*, 295 N.C. 81, 243 S.E.2d 756, and *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912, instructive. In *Wiles*, the corporate defendant moved for summary judgment on the grounds that it had not been subjected to valid *in personam* jurisdiction because the summons was directed to the corporate agent individually rather than to the defendant corporation. The trial court denied defendant's motion, but the Court of Appeals reversed.

In reviewing the summons in *Wiles*, this Court noted that "in all likelihood it would indeed be defective when judged by the standard previously exercised in determining questions of this sort." *Wiles*, 295 N.C. at 83-84, 243 S.E.2d at 757. However, after examining the rationale of Rule 4, we reversed the Court of Appeals, holding

> that the better rule in cases such as this is that when the name of
> the defendant is sufficiently stated in the caption of the summons
> and in the complaint, such that it is clear that the corporation,
> rather than the officer or agent receiving service, is the entity

being sued, the summons, when properly served upon an officer, director or agent specified in N.C.R. Civ. P. 4(j)(6), is adequate to bring the corporate defendant within the trial court's jurisdiction.

*Id.* at 85, 243 S.E.2d at 758. We explained our departure from the standard applied in previous cases, stating:

> "A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant, . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else." *United States v. A. H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947).

*Id.* at 84-85, 243 S.E.2d at 758.

The *Wiles* decision was later relied on in this Court's decision in *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912. In *Maready*, the trial court allowed an individual defendant's motion to dismiss on grounds of insufficiency of process and insufficiency of service of process because the defendant was served with process addressed to another defendant in the action. In holding that the requirements for service of process prescribed in Rule 4 had been met and that the court had obtained jurisdiction over the defendant, this Court relied on *Wiles*, stating:

> This Court held in *Wiles* that any ambiguity in the directory paragraph of the summons was eliminated by the complaint and the caption of the summons and that "the possibility of any substantial misunderstanding concerning the identity of the party being sued in this situation is simply unrealistic." [*Wiles*, 295 N.C.] at 85, 243 S.E.2d at 758. Similarly, we are persuaded that there was no substantial possibility of confusion in this case about the identity of Maready as a party being sued. Maready was personally served with a summons, the caption of which listed his name first among the defendants being sued. In fact, his name appeared twice in the caption as he was named both individually and as a part of the law firm. Any person served in this manner would make further inquiry personally or through counsel if he had any doubt that he was being sued and would be required to answer the complaint when it was filed. Such further inquiry would have revealed the existence of a summons directed to him

**HAZELWOOD v. BAILEY**

[339 N.C. 578 (1995)]

and purporting on its face to have been served upon him and would have established his duty to appear and answer.

*Maready*, 311 N.C. at 544, 319 S.E.2d at 917.

In light of the purposes of Rule 4(b) and the rationale of this Court's decisions in *Wiles* and *Maready*, we are convinced that the designation of the incorrect county in the summons in this case did not render the summons void. The summons in this case gave defendants notice of the commencement of an action against them in the Superior Court of the General Court of Justice of this state. It also alerted defendants that an answer to plaintiff's complaint must be filed in the superior court within thirty days of its service upon them. While the summons incorrectly instructed defendants to appear in Guilford County, the complaint correctly noted that the action against them was pending in Rockingham County. In addition, the allegations of the complaint indicated that plaintiff and both defendants were residents of Rockingham County and that the automobile accident which was the subject of the lawsuit occurred in Rockingham County. Any person served in this manner would make further inquiry personally or through counsel if he had any doubt as to the proper county in which he was required to appear. Such inquiry would reveal the appropriate county in which the defendant was to appear and answer the complaint. Accordingly, there was no substantial possibility of confusion about the county in which defendants were expected to appear. Furthermore, defendants in this case were not in fact confused as to the county in which to appear, as evidenced by the filing of their answer and offer of judgment in the appropriate county—Rockingham County.

Accordingly, we hold that the designation of the incorrect county in the summons rendered the summons voidable rather than void. The incorrect county designation amounted to an irregularity or error in form which can be corrected by amendment if the requirements of Rule 4(i) are met. Therefore, the decision of the Court of Appeals, which affirmed the trial court's dismissal of plaintiff's action, must be reversed.

We note that our decision today is not in conflict with the results reached by this Court in *Harrell v. Welstead* and *Washington County v. Blount*. In *Harrell*, it was the default judgment, not the summons, that was "set aside on motion" because defendant had "never been served with process returnable to the proper county, nor appeared in person or by attorney." *Harrell*, 206 N.C. at 819, 175 S.E. at 285. In

HAZELWOOD v. BAILEY

[339 N.C. 578 (1995)]

*Washington County*, this Court affirmed the trial court's order which denied defendants' motion to set aside a tax foreclosure sale on the ground that the summons was defective and allowed the plaintiff to amend the summons by inserting the date of issue and having the clerk of court sign the summons. *Washington County*, 224 N.C. 438, 31 S.E.2d 374. Thus, we believe that this Court today would reach the same results as those reached by this Court in *Harrell* in 1934 and *Washington County* in 1944. Nevertheless, to the extent language from this Court's decisions in *Harrell v. Welstead* and *Washington County v. Blount* is inconsistent with our holding today, this language is expressly disavowed. In addition, to the extent they are inconsistent with this holding, the Court of Appeals' decisions in *Brantley v. Sawyer*, 5 N.C. App. 557, 169 S.E.2d 55; *Grace v. Johnson*, 21 N.C. App. 432, 204 S.E.2d 723; and *Everhart v. Sowers*, 63 N.C. App. 747, 306 S.E.2d 472, are expressly overruled.

We further note that our holding today is consistent not only with the result reached by this Court in *Wiles* and *Maready*, but also with the rationale of several recent decisions of the Court of Appeals. *See, e.g., Storey v. Hailey*, 114 N.C. App. 173, 441 S.E.2d 602 (1994) (noting that, in an action against an estate, the fact that the summons was directed to the defendant individually rather than in his capacity as executor of the estate was not a fatal defect); *Smith v. Schraffenberger*, 90 N.C. App. 589, 369 S.E.2d 90 (holding that a summons directed to the Commissioner of Motor Vehicles, as process agent for a nonresident motorist pursuant to N.C.G.S. § 1-105, was not fatally defective since the defendant's name was listed just below that of the Commissioner and appeared in the caption of the case and the complaint), *disc. rev. denied*, 323 N.C. 366, 373 S.E.2d 549 (1988); *Humphrey v. Sinnott*, 84 N.C. App. 263, 352 S.E.2d 443 (1987) (addressing in the same manner the issue addressed in *Schraffenberger* above); *Shelton v. Fairley*, 72 N.C. App. 1, 323 S.E.2d 410 (1984) (while upholding the trial court's dismissal of an action based on defective service of process, the court recognized that *Harris v. Maready* suggests a movement away from strict compliance with Rule 4(b) in cases involving defects in the form of the summons), *disc. rev. denied*, 313 N.C. 509, 329 S.E.2d 394 (1985).

[2] Plaintiff next contends that the trial court erred in denying his motion to amend the summons to substitute the correct county. Plaintiff argues that, pursuant to Rule 4(i) of the Rules of Civil Procedure, he should have been allowed to amend the summons since there has been no showing of any material prejudice to defendants.

Rule 4(i) provides:

(i) *Summons—Amendment.*—At any time, before or after judgment, in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to substantial rights of the party against whom the process issued.

N.C.G.S. § 1A-1, Rule 4(i) (1990).

It is apparent that the trial court in this case refused to allow amendment of the summons under the belief that the designation of the incorrect county rendered the summons void, rather than in an exercise of its discretion under Rule 4(i) of the North Carolina Rules of Civil Procedure. Therefore, we must remand this case for an exercise of the trial court's discretion on this question. *See Harris v. Maready*, 311 N.C. at 549, 319 S.E.2d at 920.

Accordingly, we hold that the trial court erred in concluding that the incorrect designation of the county on the civil summons form rendered the summons void and in granting defendants' motion to dismiss plaintiff's complaint. Therefore, the decision of the Court of Appeals, which affirmed the trial court's dismissal, is reversed. In addition, because the trial court failed to exercise its discretion in denying plaintiff's motion to amend the summons, we remand this case to the Court of Appeals with instructions that it further remand to the trial court for an exercise of the trial court's discretion on this question in accordance with this opinion. For the foregoing reasons, the decision of the Court of Appeals is

REVERSED AND REMANDED.

Justices Lake and Orr did not participate in the consideration or decision of this case.