**LEAK v. HOLLAR**

[340 N.C. 99 (1995)]

ANNIE LEAK AND RUFUS LEAK v. AUBRY DEAN HOLLAR

No. 214PA94

(Filed 7 April 1995)

### Process and Service § 17 (NCI4th)— incorrect county on summons—correctable error

A decision of the Court of Appeals is reversed under the authority of *Hazelwood v. Bailey*, 339 N.C. 578, 453 S.E.2d 522 (1995) (designation of incorrect county on civil summons is not jurisdictional defect which renders summons void but is irregularity in form correctable by amending summons in accordance with Rule 4(i)).

**Am Jur 2d, Process §§ 94 et seq.**

On discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished decision of the Court of Appeals, 113 N.C. App. 836, 441 S.E.2d 190 (1994), which affirmed the trial court's dismissal of plaintiffs' action based on the expiration of the statute of limitations. Heard in the Supreme Court 13 March 1995.

*Cranfill, Sumner & Hartzog, L.L.P., by Susan K. Burkhart, and Bonfoey, Brown, Queen & Patten, P.A., by Frank G. Queen, for plaintiff-appellants.*

*Blue, Fellerath, Cloninger & Barbour, P.A., by Sheila Fellerath, for defendant-appellee.*

PER CURIAM.

Under the authority of *Hazelwood v. Bailey*, 339 N.C. 578, 453 S.E.2d 522 (1995), the decision of the Court of Appeals is reversed. This case is remanded to the Court of Appeals for remand to the trial court for reinstatement of the action.

REVERSED AND REMANDED.