NINA RIDGE v. EDWARD D. WRIGHT

---

GRADY RIDGE v. EDWARD D. WRIGHT, AND ROGER REVELS

No. 7522SC1020

(Filed 2 June 1976)

Process § 16; Appeal and Error § 63— service of process on nonresident motorist — absence of affidavits from record — remand for rehearing

Service of process on nonresident motorists through the Commissioner of Motor Vehicles was defective without affidavits of compliance and other documents required by G.S. 1-105(3); however, the ends of justice require that the cause be remanded for a rehearing on defendants' motions to dismiss or quash the service of process where plaintiffs attempted to present the affidavits and documents as an addendum to the record on appeal, prepared by defendant appellants, and contended that they had been considered by the trial court at the hearing on the motions, the affidavits bore the date of the hearing but were not filed in the superior court until after the record on appeal was filed in the Court of Appeals, and the affidavits were ordered stricken from the record.

APPEAL by defendants from *Crissman, Judge.* Orders entered 30 September 1975 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 4 May 1976.

Plaintiff Nina Ridge filed a complaint on 6 August 1973 seeking damages for personal injuries allegedly received in a

collision which occurred in Buncombe County, North Carolina, between a car in which she was a passenger and a car owned by defendant Revels and driven by defendant Wright. She attempted to obtain service on defendants through the Commissioner of Motor Vehicles pursuant to G.S. 1-105. On 31 July 1974 she took a voluntary dismissal without prejudice as to defendant Revels.

On 30 July 1974 plaintiff Grady Ridge instituted an action against defendants Wright and Revels seeking recovery for personal injury and property damage resulting from the same collision. He also attempted to obtain service of process on defendants through the Commissioner of Motor Vehicles pursuant to G.S. 1-105.

Defendants filed motions in each action asking (1) that the actions be dismissed because of defective service of process or, in the alternative, that the purported service of process be quashed; (2) that paragraph 11 of the complaints relating to, and that part of the prayers for relief asking for, punitive damages be stricken; and (3) that if the motions to dismiss or quash service of process are denied, that the causes be removed to Buncombe County for trial.

Following a hearing on the motions the trial court entered orders denying defendants' motions to dismiss or quash the service of process, denying their motions for change of venue, and allowing their motions to strike portions of the complaints relating to punitive damages.

Defendants appealed.

*Wilson & Biesecker, by Roger S. Tripp, and Cockman, Aldridge & Davis, by John E. Aldridge, Jr., for plaintiff appellees.*

*Uzzell and Dumont, by Larry Leake, for defendant appellants.*

BRITT, Judge.

Each defendant assigns as error the refusal of the trial court to grant his motion(s) to dismiss the action(s) as to him because of defective service of process or, in the alternative, to quash the purported service of process as to him.

One of the reasons argued by defendants that the purported service of process was defective is that plaintiffs failed to file

Evans v. Carney

affidavits and other documents required by G.S. 1-105(3). In an addendum to the record, filed 8 January 1976, plaintiffs attempted to present the affidavits and other documents to this court, contending they were considered by the trial court at the hearing on the motions but were inadvertently omitted from the record on appeal. The affidavits indicate that while they bear the date of 29 September 1975 (the date of the hearing) they were not filed in superior court until 6 January 1976. The record on appeal, prepared by defendant appellants, was filed in this court on 5 December 1975. On 2 April 1976 this court ordered the affidavits stricken from the record.

Without the affidavits of compliance and other documents required by G.S. 1-105(3), clearly the service of process was defective. We think the ends of justice require that in our discretion we vacate the portions of the orders appealed from denying defendants' motions to dismiss or, in the alternative, to quash the service of process, and remand the causes to the superior court for another hearing on defendants' motions asking for that relief. It is so ordered. *Watkins v. Grier,* 224 N.C. 334, 30 S.E. 2d 219 (1944); *In re Will of Herring,* 19 N.C. App. 357, 198 S.E. 2d 737 (1973).

Remanded.

Judges VAUGHN and ARNOLD concur.