NINA RIDGE v. EDWARD D. WRIGHT

GRADY RIDGE v. EDWARD D. WRIGHT AND ROGER L. REVELS

No. 7722SC484

(Filed 21 March 1978)

1. **Process § 16— refused registered letter—letters which must be sent by ordinary mail**

    The requirement of G.S. 1-105(3) that a refused registered letter be sent by ordinary mail applies only to those letters which are in fact refused, not to those which are unclaimed or those which are marked "moved, not forwardable."

2. **Process § 16— service of process on nonresident motorist—absence of affidavits—consideration of affidavits on rehearing proper**

    Where the court, on an earlier appeal, held that, without affidavits of compliance and other documents required by G.S. 1-105(3), the service of process upon nonresident defendants was defective, and the court remanded the causes to superior court for another hearing on defendants' motions to dismiss for insufficiency of service of process, it was proper for the trial court, on remand, to consider plaintiffs' affidavits of compliance with G.S. 1-105 which had been filed pending the first appeal of the case but which were not considered by the court on appeal.

APPEAL by defendants from *Long, Judge.* Orders entered 7 April 1977, in Superior Court, DAVIDSON County. Heard in the Court of Appeals 9 March 1978.

Plaintiff Nina Ridge filed a complaint on 3 August 1973, in which she sought damages for personal injuries sustained in a collision which occurred in Buncombe County between an automobile in which she was a passenger and another automobile owned by defendant Revels and driven by defendant Wright. According to plaintiff's allegations, both defendants are residents of the State of Florida.

Pursuant to G.S. 1-105, summonses and complaints as to both defendants were served upon the Commissioner of Motor Vehicles on 6 August 1973, and on 7 August the Commissioner mailed copies by registered mail, return receipt requested, to each defendant at an address in Florida. Defendant Wright's letter was returned marked "unclaimed." An alias and pluries summons was issued for defendant Wright on 26 October 1973, and was extended on 31 December 1973, and on 29 January 1974. This summons,

Ridge v. Wright

however, was never served. On 31 July 1974, plaintiff Nina Ridge took a voluntary dismissal without prejudice as to defendant Revels.

On 30 July 1974, plaintiff Grady Ridge instituted an action against defendants Revels and Wright for damages for personal injuries and property damage received in the same automobile collision. Summonses were served upon the Commissioner of Motor Vehicles on 5 August 1974, and these summonses were sent by registered mail, return receipt requested, to defendants on the same day. The post office returned the letter addressed to defendant Revels with the notation "Moved, Not Forwardable." The letter addressed to defendant Wright was delivered to him.

Defendants filed similar motions in each case moving to dismiss under G.S. 1A-1, Rule 12(b) for insufficiency of service of process. On 30 September 1975, Judge Crissman entered orders denying defendants' motion to dismiss, and defendants appealed. They argued before this Court that their motion to dismiss for lack of service should be allowed since plaintiffs' attorney did not file affidavits of compliance as required by G.S. 1-105(3). These affidavits were filed pending the first appeal of this case but were ordered stricken from the record. In *Ridge v. Wright*, 29 N.C. App. 609, 225 S.E. 2d 131 (1976), this Court held that, without the affidavits of compliance and other documents required by G.S. 1-105(3), the service of process was defective. The court vacated the portions of the trial court's orders denying defendants' motions to dismiss or, in the alternative, to quash the service of process, and remanded the causes to superior court for another hearing on defendant's motions.

At the 14 February 1977 session of Superior Court of Davidson County, Judge James M. Long heard the motions of defendants. At this hearing plaintiffs introduced two documents, purported affidavits of compliance as required by G.S. 1-105(3). These documents had not been before Judge Crissman at the earlier hearing on defendants' motions. Judge Long entered orders again denying defendants' motions, and defendants appealed.

*Wilson, Biesecker, Tripp & Wall, by Roger S. Tripp, and Young, Moore, Henderson & Alvis, by John E. Aldridge, Jr., for plaintiff appellees.*

*Uzzell and Dumont, by Larry Leake, for defendant appellants.*

ARNOLD, Judge.

[1]   By this appeal defendants again assign as error the failure of the trial court to grant their motions to dismiss or, in the alternative, to quash the return of summons. First, defendants contend that G.S. 1-105, which deals in part with service upon nonresident drivers of motor vehicles, required plaintiff, upon the return of "unclaimed" papers to defendant Wright, to send the letter to Wright by ordinary mail. G.S. 1-105(3) reads:

> "The defendant's return receipt, or the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by the plaintiff that notice of mailing the registered letter and refusal to accept was forthwith sent to the defendant by ordinary mail, together with the plaintiff's affidavit of compliance with the provisions of this section, must be appended to the summons or other process and filed with said summons, complaint and other papers in the cause."

According to their interpretation of this section defendants equate a receipt that was *refused* with one that was *unclaimed.* This interpretation, however, flies in the face of the ordinary words of the statute and is rejected. A reading of G.S. 1-105(2) shows that the legislature addressed both a refusal to accept a registered letter and non-delivery of an unclaimed registered letter. We read the requirement in G.S. 1-105(3) that a refused registered letter be sent by ordinary mail to apply only to those letters which were in fact "refused."

Defendants' second argument is that a returned letter marked "moved, not forwardable" should also be treated as a letter which has been refused. For the reasons already stated, we do not accept this interpretation of G.S. 1-105.

[2]   The final argument by defendants is that this Court in *Ridge v. Wright, supra,* did not comtemplate that, on remand, the trial

court would consider plaintiffs' affidavits of compliance with G.S. 1-105. G.S. 1-105(3), of course, requires that plaintiffs append affidavits of compliance with G.S. 1-105 to the summons and file such affidavits with other papers in the cause. In reviewing this Court's action in *Ridge v. Wright, supra,* we conclude that the cause was remanded for the very purpose of allowing the trial court to review the motions in light of plaintiffs' affidavits. We, therefore, find no error in the trial court's denial of defendants' motions.

Affirmed.

Judges MORRIS and MARTIN concur.