PAUL J. QUATTRONE v. GEORGE WOFFORD ROCHESTER

No. 7915SC1012

(Filed 20 May 1980)

Process § 16— service on nonresident—failure to file affidavit of compliance with
statute—service not invalid

Failure of plaintiff to file an affidavit of compliance required under G.S.
1-105(3) until 114 days after service of the summons on the Commissioner of
Motor Vehicles did not render service on the nonresident defendant invalid,
since filing of the affidavit did not affect the completeness of the service but
rather merely perfected the record and furnished proof of compliance with
G.S. 1-105 for the guidance of the courts.

APPEAL by defendant from *McClelland, Judge.* Order entered
21 September 1979 in Superior Court, ALAMANCE County. Heard
in the Court of Appeals 18 April 1980.

This case involves the sufficiency of service under G.S. 1-105.
Plaintiff's complaint alleged that plaintiff, a resident of Penn-
sylvania, had been injured when defendant, a resident of South
Carolina, negligently drove into the rear of plaintiff's car in
Alleghany County, North Carolina. The accident occurred on 21
May 1976. On 21 May 1979 plaintiff filed his complaint and caused
a civil summons to be issued directed to defendant by serving the
Commissioner of Motor Vehicles pursuant to G.S. 1-105. On 29
May 1979, the Commissioner of Motor Vehicles forwarded copies
of the summons and complaint to defendant as required by G.S.
1-105. Thereafter on 7 June 1979, plaintiff filed a return receipt
indicating that defendant had received the summons and com-
plaint on 30 May 1979.

Defendant's answer, filed 19 June 1979, moved for dismissal
pursuant to Rule 12(b)(2), (4) and (5) due to lack of jurisdiction over
the person of defendant because of insufficiency of process and in-
sufficiency of service of process. In his answer, defendant also
raised the affirmative defense of the statute of limitations.

Prior to the hearing on 17 September 1979 on defendant's
motion to dismiss, plaintiff had not appended the affidavit of com-
pliance with the provisions of G.S. 1-105 as required by G.S.
1-105(3). The Court granted defendant's motion to dismiss for lack
of service and denied plaintiff's motion for leave to file an af-

fidavit of compliance with the provisions of G.S. 1-105. Plaintiff gave notice to the Court of Appeals from the order granting defendant's motion to dismiss.

Thereafter, plaintiff filed the affidavit of compliance on 19 September 1979, along with a petition to the trial court to reconsider its prior ruling granting defendant's motion to dismiss. Upon rehearing, the trial court vacated its order and denied defendant's motion to dismiss finding, *inter alia*, "that appending the subject affidavit to the summons does not constitute an amendment to prove service of process so as to require the Court to consider whether prejudice is created by this ruling." Defendant appealed.

*Latham, Wood and Balog, by B. F. Wood and Steve A. Balog, for plaintiff appellee.*

*Smith, Moore, Smith, Schell & Hunter, by J. Donald Cowan, Jr. and William L. Young, for defendant appellant.*

MARTIN (Robert M.), Judge.

Defendant argues that the failure of plaintiff to file the affidavit of compliance required under G.S. 1-105(3) until after the hearing on the motion to dismiss which was more than three years after the accident and 114 days after service of the summons on the Commissioner of Motor Vehicles, renders the purported service invalid.

The case *sub judice* is controlled by two cases: *Ridge v. Wright*, 29 N.C. App. 609, 225 S.E. 2d 131 (1976) and *Ridge v. Wright*, 35 N.C. App. 643, 242 S.E. 2d 389, *cert. denied*, 295 N.C. 467, 246 S.E. 2d 10 (1978). Defendants in *Ridge* argued before this Court that their motion to dismiss for lack of service should be allowed since plaintiffs did not file affidavits of compliance as required by G.S. 1-105(3). Because the affidavits were filed pending the first appeal of that case, this Court ordered the affidavits stricken from the record and the affidavits were not considered by this Court on appeal. Having stricken the affidavits, we held that "[w]ithout the affidavits of compliance and other documents required by G.S. 1-105(3), clearly the service of process was defective. 29 N.C. App. at 611, 225 S.E. 2d at 132. In the ends of justice, however, we remanded the causes for another hearing on

defendants' motions to dismiss or in the alternative, to quash service of process.

At the 14 February 1977 hearing on remand, plaintiffs introduced two documents, purported affidavits of compliance as required by G.S. 1-105(3). The court again denied defendants' motions and defendants appealed arguing that this court in the first *Ridge* case did not contemplate that on remand, the trial court would consider plaintiffs' affidavits of compliance with G.S. 1-105(3). Rejecting that argument we concluded "that the cause was remanded for the very purpose of allowing the trial court to review the motions in light of plaintiffs' affidavits." 35 N.C. App. at 646, 242 S.E. 2d at 391. Hence, we held that service of process on defendants was sufficient when plaintiffs' affidavits of compliance were filed on 6 January 1976, some two years and five months and one year and five months after the summonses were served on the Commissioner of Motor Vehicles.

Although not spelled out in the *Ridge* cases, the decisions are grounded in the language of G.S. 1-105 which states in pertinent part:

Service of such process shall be made in the following manner:

(1) By leaving a copy thereof, with a fee of three dollars ($3.00), in the hands of the Commissioner of Motor Vehicles, or in his office. Such service, upon compliance with the other provisions of this section, shall be *sufficient service* on defendant. (Emphasis added.)

(2) Notice of such service of process and copy thereof must be forthwith sent by registered mail by plaintiff or the Commissioner of Motor Vehicles to the defendant, and the entries on the defendant's return receipt shall be sufficient evidence of the date on which notice of *service* upon the Commissioner of Motor Vehicles and copy of process were delivered to the defendant, on which date *service on defendant shall be deemed completed.* (Emphasis added.)

(3) The defendant's return receipt . . . together with the plaintiff's affidavit of compliance with the provisions of this section, must be appended to the summons or

other process and filed with said summons, complaint and other papers in the cause.

In applying the language of the statute and the *Ridge* cases to the case *sub judice,* service on the Commissioner of Motor Vehicles was complete when he was served by the Sheriff of Wake County on 21 May 1979. Service on defendant was deemed completed on 30 May 1979, the entry on defendant's return receipt evidencing the date on which notice of service upon the Commissioner and a copy of process were delivered to defendant. The filing of defendant's return receipt and the affidavit of compliance as required by G.S. 1-105(3), governing the filing of proof of service, then rendered the service pursuant to subsection (1) sufficient service on the nonresident defendant. The filing of the affidavit does not affect the completeness of the service but rather merely perfects the record and furnishes proof of compliance with G.S. 1-105 for the guidance of the courts. Because service was completed within the time limits required by Rule 4(c), N.C. Rules Civ. Proc., for substituted personal service, defendant's arguments that plaintiff's action discontinued and was subsequently barred by the statute of limitations is without merit.

Affirmed.

Judges WEBB and HILL concur.