STEVEN W. HUMPHREY v. JAMES A. SINNOTT and SUZANNE BROWN

No. 861SC810

(Filed 3 February 1987)

1. **Appearance § 1.1; Rules of Civil Procedure § 12— motion for discretionary change of venue—general appearance**

   Defendant Sinnott's motion to dismiss a negligence complaint arising from an automobile accident should not have been granted where he moved for a discretionary change of venue, and so made a general appearance, without first or simultaneously asserting his defenses relating to jurisdiction and process.

2. **Process §§ 1.1, 16— nonresident motorist—summons addressed to Commissioner of Motor Vehicles—sufficient**

   A summons directed to the Commissioner of Motor Vehicles was sufficient where it was clearly addressed to the Commissioner in his representative capacity as process agent; defendant Brown's name and last known address appeared immediately following the words "name and address of second defendant" immediately under "William S. Hiatt, Commissioner of Motor Vehicles as process agent for defendant"; defendant Brown's name clearly appeared as defendant in the caption of the case; and the accompanying complaint clearly referred to her as a defendant. There was no possibility of any confusion as to who the defendant was.

3. **Process § 16— nonresident motorist—service by certified rather than registered mail—sufficient**

   Plaintiff showed sufficient compliance with N.C.G.S. 1-105(2) to confer jurisdiction notwithstanding his use of certified rather than registered mail where plaintiff filed an affidavit of compliance showing that a copy of the summons and complaint was mailed to defendant Brown at her last known address by certified mail, return receipt requested, and that it was returned undelivered because it was unclaimed.

4. **Constitutional Law § 24.7— nonresident motorist—service under N.C.G.S. 1-105—constitutional**

   The trial court did not err in a negligence action against a nonresident motorist by refusing to hold that N.C.G.S. 1-105 was unconstitutional as applied to her because no actual service of process was obtained upon her and the method of service did not provide reasonable assurance that she would receive actual notice.

APPEAL by plaintiff from *Tillery, Judge.* Order entered 27 March 1986 in Superior Court, DARE County. Heard in the Court of Appeals 18 December 1986.

Plaintiff, a resident of Virginia, brought this action alleging that, due to the negligence of both defendants, he sustained per-

sonal injuries in an automobile collision which occurred 29 May 1982 in Kill Devil Hills, North Carolina. In his complaint, filed in the Superior Court of Forsyth County, plaintiff alleged that defendant Sinnott was a resident of New Jersey and that defendant Brown was a resident of Delaware. Plaintiff sought to obtain service on both defendants by substituted service on the Commissioner of Motor Vehicles pursuant to G.S. 1-105. Copies of the summons and complaint were mailed to each defendant's last known address by certified mail, return receipt requested.

On 10 June 1985, defendant Sinnott filed a motion pursuant to G.S. 1-83(2) to change venue from Forsyth County to Dare County "for the convenience of witnesses and the ends of justice." On 14 June 1985, defendant Brown filed a similar motion, together with motions to dismiss pursuant to G.S. 1A-1, Rule 12(b), challenging jurisdiction, process, service of process and the sufficiency of the complaint to state a claim. On 10 July 1985, defendants' motions for change of venue to Dare County were allowed by the Forsyth County Superior Court.

On 12 July 1985, defendant Sinnott filed motions to dismiss challenging personal jurisdiction, sufficiency of process, and sufficiency of service of process, pursuant to G.S. 1A-1, Rules 12(b)(2), (4) and (5). Defendant Brown subsequently renewed her motions to dismiss based upon lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief could be granted. From orders granting both defendants' motions to dismiss, plaintiff appeals.

D. Keith Teague, P.A., by D. Keith Teague, and Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by Gary S. Parsons and Carolin Bakewell, for plaintiff appellant.

Hornthal, Riley, Ellis & Maland, by L. P. Hornthal, Jr. and Donald C. Prentiss, for defendant appellee Brown.

White, Hall, Mullen, Brumsey & Small, by Gerald F. White and John H. Hall, Jr., for defendant appellee Sinnott.

MARTIN, Judge.

Plaintiff appeals from the orders granting defendants' motions to dismiss his complaint. For the reasons stated below, we

---

---

conclude that neither defendant was entitled to a dismissal of the complaint.

I

[1]    The only question raised by plaintiff's brief with respect to defendant Sinnott is whether he waived his right to challenge personal jurisdiction, sufficiency of process and sufficiency of service of process. We hold that defendant Sinnott, by moving for a discretionary change of venue pursuant to G.S. 1-83(2) without first or simultaneously asserting his Rule 12(b) defenses relating to jurisdiction and process, made a general appearance and voluntarily submitted himself to the jurisdiction of the court.

Pursuant to G.S. 1-75.7(1), the courts of North Carolina, if vested with jurisdiction over the subject matter of an action, may exercise personal jurisdiction over a person, without service of process upon him, if he enters a general appearance in the action. "[A] general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person." *Swenson v. Thibaut*, 39 N.C. App. 77, 89, 250 S.E. 2d 279, 287-88 (1978), *disc. rev. denied, appeal dismissed*, 296 N.C. 740, 254 S.E. 2d 181 (1979), *quoting In re Blalock*, 233 N.C. 493, 504, 64 S.E. 2d 848, 856 (1951).

In the present case, defendant Sinnott moved, prior to asserting his Rule 12(b) defenses or filing any other motion or pleading, that venue be transferred to Dare County. His motion necessarily invoked the adjudicatory and discretionary power of the court as to the relief which he requested. "[I]f the defendant by motion or otherwise invokes the adjudicatory powers of the court in any other matter not directly related to the questions of jurisdiction, he has made a general appearance and has submitted himself to the jurisdiction of the court whether he intended to or not." *Swenson, supra*, at 89, 250 S.E. 2d at 288. The concept of general appearance has been accorded a very liberal interpretation and virtually any appearance other than to challenge jurisdiction or to gain an extension of time constitutes a general appearance. *Alexiou v. O.R.I.P., Ltd.*, 36 N.C. App. 246, 243 S.E. 2d 412, *disc. rev. denied*, 295 N.C. 465, 246 S.E. 2d 215 (1978). Because defendant Sinnott made a general appearance prior to asserting his defenses under Rules 12(b)(2), (4) and (5), he waived any objection to per-

sonal jurisdiction, process, or service of process. His subsequent motions to dismiss on those grounds should have been denied.

## II

Defendant Brown's motions to dismiss were grounded upon challenges to: (1) personal jurisdiction, Rule 12(b)(2); (2) sufficiency of process, Rule 12(b)(4); (3) service of process, Rule 12(b)(5); and (4) sufficiency of the complaint to state a claim, Rule 12(b)(6). She makes no serious contention, however, that the complaint is not sufficient to state a claim against her and we hold, without discussion, that a claim is stated.

[2] The first question which we must consider with respect to defendant Brown involves the sufficiency of the process directed to her. The plaintiff sought to obtain service of process on defendant Brown by leaving a copy of the summons and complaint with the Commissioner of Motor Vehicles, as provided in G.S. 1-105. The summons addressed to defendant Brown was directed as follows:

To:

William S. Hiatt, Commissioner of Motor Vehicles as Process Agent for Defendant.

Name and Address of Second Defendant:

> Suzanne I. Brown
> Route 2, Box 74
> Frankfurt, Delaware

Defendant, relying on *Philpott v. Kerns*, 285 N.C. 225, 203 S.E. 2d 778 (1974), contends that since the summons was directed to the Commissioner of Motor Vehicles rather than defendant Brown, it was defective. We do not agree. Although the summons was directed to the Commissioner of Motor Vehicles, it was clearly done so in his representative capacity as process agent for defendant Brown. Immediately underneath this, following the words "Name and Address of Second Defendant" appeared the name and last known address of defendant Brown. Defendant Brown's name clearly appeared as defendant in the caption of the case and the accompanying complaint clearly referred to her as a defendant. We see no possibility of any confusion as to who the defendant in this case was. *See Harris v. Maready*, 311 N.C. 536,

319 S.E. 2d 912 (1984). This case differs from *Philpott, supra*, where the Commissioner of Motor Vehicles was summoned to appear, and the only reference to the defendant was in the caption. Likewise this case may be distinguished from *Distributors v. McAndrews*, 270 N.C. 91, 153 S.E. 2d 770 (1967), where the Sheriff of Wake County was commanded to summon the Commissioner of Motor Vehicles rather than the defendants. While G.S. 1-105 must be strictly construed because it is in derogation of the common law, where, as here, the possibility of confusion among people of ordinary intelligence is virtually impossible, more recent cases direct that the summons should not be found invalid simply because of technical mistakes or poor wording. Accordingly we hold that the summons in this case was sufficient to bring defendant Brown within the jurisdiction of the trial court. *See Harris v. Maready, supra. Wiles v. Construction Co.*, 295 N.C. 81, 243 S.E. 2d 756 (1978).

**[3]** Defendant Brown also contends that service of process upon her was insufficient because plaintiff used certified mail, return receipt requested, rather than registered mail, return receipt requested, as required by G.S. 1-105(2). We have held that the use of certified mail provides the same reliability as a basis for proof of service as that accompanying the use of registered mail. *See In re Annexation Ordinance*, 62 N.C. App. 588, 303 S.E. 2d 380, *disc. rev. denied, appeal dismissed*, 309 N.C. 820, 310 S.E. 2d 351 (1983); G.S. 1A-1, Rule 4(j) (providing for service by registered *or* certified mail). In this case, plaintiff filed an affidavit of compliance, as required by G.S. 1-105(3), showing that a copy of the summons and complaint was mailed to defendant Brown at her last known address by certified mail, return receipt requested, and that it was returned undelivered because it was unclaimed. We hold that plaintiff has shown sufficient compliance with G.S. 1-105(2) to confer jurisdiction, notwithstanding his use of certified, rather than registered, mail.

**[4]** By cross-assignment of error, defendant Brown contends that the trial court erred by refusing to hold that G.S. 1-105 is unconstitutional as applied to her because no actual service of process was obtained upon her and the manner of substituted service did not provide "reasonable assurance" that she would receive actual notice of the suit. We reject her contention. G.S. 1-105 has been held constitutional. *Ewing v. Thompson*, 233 N.C. 564, 65

S.E. 2d 17 (1951). The statute does not require actual notice to nonresident motorists; indeed, the provisions of G.S. 1-105(2) contemplate situations where actual notice may not be possible by providing that if notice is not delivered to a defendant because he has moved, service is deemed completed when the notice is returned unclaimed to plaintiff. But the requirement for mailing a copy of the process to a nonresident motorist's last known address provides sufficient assurance of actual notice as to meet minimum due process requirements and to provide a constitutional basis for personal jurisdiction of a nonresident motorist who is served in conformity with the statute. *See Davis v. St. Paul-Mercury Indemnity Co.*, 294 F. 2d 641 (4th Cir. 1961); *Denton v. Ellis*, 258 F. Supp. 223 (E.D.N.C. 1966).

### III

The orders of the trial court granting defendants' motions to dismiss this action must be reversed.

Reversed.

Judges WELLS and PARKER concur.