Smith v. Schraffenberger

───────────

JOYCE SMITH, ANCILLARY ADMINISTRATRIX OF THE ESTATE OF EURA STYRON MEADS, PLAINTIFF v. MICHAEL W. SCHRAFFENBERGER, DEFENDANT

No. 873SC1085

(Filed 21 June 1988)

Process §§ 16.1; 3.1— automobile accident—nonresident defendant—service of process

The trial court properly denied defendant's motion to dismiss a wrongful death action arising from an automobile accident for lack of jurisdiction over the person, insufficiency of service of process and insufficiency of process where plaintiff and plaintiff's intestate were residents of Virginia and defendant was a resident of Florida; a summons was issued to the Commissioner of Motor Vehicles pursuant to N.C.G.S. § 1-105; plaintiff's attorney subsequently learned that defendant was in Carteret County visiting his sister; and defendant was personally served with an alias and pluries summons and a copy of the complaint. The initial summons was not fatally defective in that it was directed to the Commissioner of Motor Vehicles and not to defendant because defendant's name and address appeared both in the caption of the case and in the accompanying complaint, so that there was no possibility of misunderstanding as to the true defendant, and the alias and pluries summons related back to the date of the original summons and was therefore timely filed since the original summons was properly issued to defendant. N.C.G.S. § 1A-1, Rule 4(b). N.C.G.S. § 1-75.4(1)(a).

APPEAL by defendant from *Phillips (Herbert O.), Judge*. Order entered 4 September 1987 in Superior Court, CARTERET County. Heard in the Court of Appeals 2 May 1988.

*Wheatly, Wheatly, Nobles & Weeks by Stevenson L. Weeks for plaintiff appellee.*

*Stith and Stith by F. Blackwell Stith and Susan H. McIntyre for defendant appellant.*

COZORT, Judge.

Defendant appeals the denial of his motions to dismiss for lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process pursuant to Rules 12(b)(2), (4), and (5), respectively, of the North Carolina Rules of Civil Procedure. We affirm.

On 20 July 1985, plaintiff and plaintiff's intestate were traveling on Highway 70 in Carteret County when they were involved in an accident with an automobile which was owned and operated by defendant. On 26 June 1987, plaintiff instituted a wrongful death action against defendant by filing a complaint in Carteret County. The complaint alleged that plaintiff and plaintiff's intestate were residents of Virginia and that defendant was a resident of Florida. At the time the complaint was filed, a summons was issued upon the Commissioner of Motor Vehicles pursuant to N.C. Gen. Stat. § 1-105 [service upon nonresident drivers of motor vehicles].

On 7 July 1987, plaintiff's attorney learned that defendant was in Carteret County visiting his sister. The next day defendant was personally served with an alias and pluries summons and a copy of the complaint by a Deputy Sheriff of Carteret County.

Defendant's answer denied the allegations of the complaint and included motions to dismiss for lack of jurisdiction over the person, for insufficiency of process, and for insufficiency of service of process, pursuant to Rules 12(b)(2), (4), and (5) of the North Carolina Rules of Civil Procedure. From the trial court's denial of these motions, defendant appeals.

Smith v. Schraffenberger

The defendant's sole assignment of error on appeal is that the trial court erred in denying his motions to dismiss. We disagree.

"In order for the court to exercise personal jurisdiction over a defendant, the grounds for same must exist in accordance with G.S. 1-75.4 and the defendant must be given notice by service of process in accordance with the provisions of Rule 4(j)." W. Shuford, N.C. Civil Practice and Procedure § 4-9 (1981).

N.C. Gen. Stat. § 1-75.4 provides in part:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) or Rule 4(j1) of the Rules of Civil Procedure under any of the following circumstances:

\* \* \* \*

(3) Local Act or Omission.—In an action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.

N.C. Gen. Stat. § 1A-1, Rule 4(j) provides in part:

(j) *Process—Manner of service to exercise personal jurisdiction.* — In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:

(1) Natural Person.—Except as provided in subsection (2) below, upon a natural person:

a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . .

However, in suits involving nonresident drivers of motor vehicles, service upon the nonresident driver may be accomplished by personal service pursuant to Rule 4(j) or by service upon the Commissioner of Motor Vehicles under N.C. Gen. Stat. § 1-105.

This statute provides that in any action for damages against a nonresident which arises from his operation of a motor vehicle upon the public highways of this State, summons may be served upon the nonresident by leaving a copy thereof with the Commissioner of Motor Vehicles and transmitting a copy to the defendant by registered mail.

In the case at bar, defendant was initially served with process pursuant to N.C. Gen. Stat. § 1-105. On 26 June 1987, a complaint was filed and a summons was issued directed to the Commissioner of Motor Vehicles. Defendant contends that because the summons was directed to the Commissioner of Motor Vehicles and not to him that it was fatally defective, as N.C. Gen. Stat. § 1A-1, Rule 4(b) requires that the summons "be directed to the defendant or defendants." This Court rejected that same argument in *Humphrey v. Sinnott*, 84 N.C. App. 263, 352 S.E. 2d 443 (1987). The court stated that, "[a]lthough the summons was directed to the Commissioner of Motor Vehicles, it was clearly done so in his representative capacity as process agent for defendant." *Id.* at 266, 352 S.E. 2d at 446. The court also stated that there was no possibility of confusion as to whom the true defendant was in that case because (1) the defendant's name and address were listed immediately below the name of the Commissioner of Motor Vehicles, (2) the defendant's name clearly appeared in the caption of the case, and (3) the defendant was clearly referred to in the accompanying complaint. The court then stated that, "[w]hile G.S. 1-105 must be strictly construed because it is in derogation of the common law, where, as here, the possibility of confusion among people of ordinary intelligence is virtually impossible, . . . the summons should not be found invalid simply because of technical mistakes or poor wording." *Id.* at 267, 352 S.E. 2d at 446.

In the case below, defendant's name and address were listed directly under the Commissioner of Motor Vehicles. In addition, the defendant's name appeared both in the caption of the case and in the accompanying complaint. We hold that there was no possibility of misunderstanding as to who the true defendant was and that the defendant was properly brought within the trial court's jurisdiction.

After service of process had been sought under N.C. Gen. Stat. § 1-105, defendant was discovered visiting his sister in

Carteret County. On 8 July 1985, defendant was personally served with an alias and pluries summons and a copy of the complaint by a Carteret County Deputy Sheriff, pursuant to N.C. Gen. Stat. § 1-75.4(1)(a). This statute allows a court of this State to exercise *in personam* jurisdiction over a person served pursuant to Rule 4(j) or Rule 4(j1) of the North Carolina Rules of Civil Procedure:

> [i]n any action, whether the claim arises within or without this State, in which a claim is asserted against a party who when service of process is made upon such party:
>
> a. Is a natural person present within this State . . . .

N.C. Gen. Stat. § 1-75.4(1)(a) (1983). Defendant contends that this summons was not timely issued because it was not issued within five days of the filing of the complaint as required by N.C. Gen. Stat. § 1A-1, Rule 4(a); and it could not relate back to the original summons because it was issued on a different person. Defendant contends that, because the original summons was directed to the Commissioner of Motor Vehicles and the alias and pluries summons was directed to him, it was issued against a different person. Having already determined that the original summons was properly issued to defendant, we hold that the alias and pluries summons related back to the date the original summons was issued and therefore was timely filed.

We hold that the trial court's denial of defendant's motions to dismiss should be affirmed.

Affirmed.

Chief Judge HEDRICK and Judge WELLS concur.