PAMELA GAIL COINER, PLAINTIFF v. LONNIE CARLON CALES, DEFENDANT

No. COA98-1355

(Filed 19 October 1999)

**1. Appeal and Error— appellate rules violated—affidavit not in record on appeal—no motion to take judicial notice— sanctions appropriate**

In a case involving a motor vehicle collision in North Carolina with out-of-state parties, plaintiff's attorney is assessed sanctions for violating Rules 9(a) and 28(b) and (d) of the Rules of Appellate Procedure because: (1) the attorney inappropriately included and referred to an affidavit in his brief that was explicitly excluded from the appellate record by the trial court; (2) the

attorney did not contest the order settling the record in the appeal under Rule 11(c); (3) the appellate court cannot take judicial notice of matters excluded from the record; and (4) the attorney did not file a motion under Rule 37 for the appellate court to take judicial notice of the material.

**2. Process and Service— motor vehicle collision—out-of-state parties—service complete when returned to Commissioner of Motor Vehicles**

In a case involving a motor vehicle collision in North Carolina with out-of-state parties, the trial court erred in allowing defendant's motion to dismiss under Rule 12(b)(5) for insufficient service because the service on defendant was complete under N.C.G.S. § 1-105(2) on the date the package was returned to the Commissioner of Motor Vehicles since defendant had moved and the forwarding order had expired.

**3. Process and Service— motor vehicle collision—out-of-state parties—address from accident report sufficient—due diligence not required**

In a case involving a motor vehicle collision in North Carolina with out-of-state parties, plaintiff's use of defendant's three-year-old address from the accident report in an effort to locate defendant was sufficient because N.C.G.S. § 1-105 does not have a due diligence requirement.

Appeal by plaintiff from order entered 27 July 1998 by Judge Judson D. DeRamus in Iredell County Superior Court. Heard in the Court of Appeals 23 August 1999.

On 2 October 1994, Defendant Cales, a South Carolina resident, allegedly injured Plaintiff Coins, a West Virginia resident, in an automobile collision in Iredell County. At the scene of the accident, defendant gave investigating troopers as his address a Greenville, South Carolina address.

On 1 October 1997, one day before the expiration of the three-year statute of limitations, N.C. Gen. Stat. § 1-52, plaintiff, pursuant to the North Carolina nonresident motorist service statute, N.C. Gen. Stat. § 1-105, served the registered service agent for the Commissioner of the North Carolina Department of Motor Vehicles (the Commissioner) with a copy of the complaint and summons. On 2 October, the Commissioner accepted service. On 3 October, the

Commissioner forwarded the package by certified mail to Defendant Cales at his Greenville, South Carolina address.

On 15 October 1997, the certified mail package was returned to the Commissioner undelivered, marked by the post office as "undeliverable as addressed—forwarding order expired." Defendant's forwarding address had expired because defendant had moved at least 18 months prior to the forwarding of the package by the Commissioner. The Commissioner then forwarded the returned certified package to plaintiff's counsel with a letter stating that the package had been forwarded, but was later returned to the Commissioner "unclaimed."

On 24 October 1997, plaintiff's attorney filed an affidavit of service pursuant to G.S. 1-105. On 30 October, plaintiff's attorney mailed a letter to defendant's insurer notifying the company of service pursuant to G.S. 1-105. The letter also stated that under G.S. 1-105, because 15 October was the date that the package was returned to the Commissioner, service was deemed complete on that date.

On 2 December 1997, defendant's counsel filed a Rule 12b(5) motion to dismiss for insufficient service. On 20 July 1998, the trial judge granted the motion to dismiss. Plaintiff appeals.

*Law Offices of Michael A. DeMayo, L.L.P., by Michael A. DeMayo and Frank F. Voler, for plaintiff-appellant.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Allen C. Smith and Andrew Ussery, for defendant-appellee.*

EAGLES, Chief Judge.

[1] In her original appellate brief and in her reply brief, plaintiff-appellant inappropriately refers to an affidavit by the Postmaster of Greenville, South Carolina, which sets out Post Office procedure for forwarding unclaimed packages. The trial court explicitly excluded this document from the appellate record in its 31 October 1998 Order Settling the Record on Appeal. Plaintiff did not assign error on appeal based on the trial court's exclusion of the affidavit.

Defendant moved for sanctions and/or dismissal of plaintiff's appeal on grounds that by disobeying the order of the trial court, plaintiff violated the North Carolina Rules of Appellate Procedure. We grant defendant's motion for sanctions, but decline to dismiss the appeal.

N.C. R. App. P. 11(c) provides that absent agreement by the parties, one or both of the parties may request that the trial judge settle the record on appeal. This Court has held that where the trial court refuses to include material in its order, the party whose material has been excluded may challenge the ruling on appeal. *Horton v. New South Ins. Co.*, 122 N.C. App. 265, 267, 468 S.E.2d 856, 857 (1996) (*citing Craver v. Craver*, 298 N.C. 231, 236-237, 258 S.E.2d 357, 361-62 (1979)). Here, plaintiff did not contest the order settling the record in her appeal. By including the excluded affidavit and referring to it in her briefs, plaintiff has violated our Rules of Appellate Procedure.

However, plaintiff argues that the inclusion of the affidavit is not prejudicial to defendant since any party may request that any court take judicial notice of evidence at any stage of a case. Plaintiff argues that she attached the affidavit in order to provide the court with the necessary information to take judicial notice of the postal regulations.

We first note plaintiff's inconsistent statements on the issue of judicial notice. While her reply brief states that she had in fact "requested that the [trial] Court take judicial notice of Postal Regulations," in her response to defendant's motion for dismissal/sanctions, plaintiff states that "the trial court . . . did not consider the issue of taking judicial notice of the Regulations." Yet we know from the record that the trial court both considered *and* *refused* plaintiff's request because the order settling the record explicitly excluded the material at issue.

We held in *Horton* that a request that this Court take judicial notice of certain material must be made by motion pursuant to N.C. R. App. P. 37. *Horton* at 268, 468 S.E.2d at 858 (*citing Morris v. Morris*, 92 N.C. App 359, 361, 374 S.E.2d 441, 442 (1988)). Yet no motion was filed here. But while a party can ask this Court to take judicial notice of matters outside the record, the Court may not take notice of matters *excluded* from the record, since the order settling the record on appeal is final and cannot be reviewed on appeal except on motion for certiorari. *State v. Johnson*, 298 N.C. 355, 372, 259 S.E.2d 752, 763 (1976). Again, no motion was filed. Any improper reference to non-record material in appellate briefs or appendices violates N.C. R. App. P. 9(a) and 28(b), (d). *Horton* at 268, 468 S.E.2d at 858. Plaintiff's attachment of the excluded affidavit to her brief violates the North Carolina Rules of Appellate Procedure.

Plaintiff argues that even if error, the inclusion of the excluded material was not sufficiently "gross" and "wanton" a violation to warrant dismissal. We agree, but given plaintiff's attorneys' willful disobedience of the trial court's explicit order and their substantial noncompliance with Rules 9, 28, and 37, we impose sanctions against plaintiff's attorneys in the form of costs associated with this appeal. N.C. R. App. P. 25, 34; *Steingress v. Steingress*, 350 N.C. 64, 511 S.E.2d 298 (1999). The costs of this appeal shall be taxed personally against plaintiff's attorneys.

[2] We next consider whether the trial court erred in granting defendant-appellee's motion to dismiss under Rule 12b(5). We hold that service on defendant was complete under N.C. Gen. Stat. § 1-105(2) and reverse the order of the trial court.

G.S. 1-105 provides that constructive service on the Commissioner is sufficient to gain personal jurisdiction over a non-resident defendant in an action arising out of an auto accident which occurred in North Carolina. Assuming that the defendant has neither received actual notice nor refused service, G.S. 1-105(2) provides that service may nevertheless be complete if

the certified or registered [package served on the Commissioner] is not delivered to the defendant [(1)] because it is unclaimed, or [(2)] because he has removed himself from his last known address and has left no forwarding address, or [(3)] because the defendant] is unknown at his last known address, service on the defendant shall be deemed completed on the date that the . . . letter is returned to the plaintiff or [the Commissioner].

N.C. Gen. Stat. § 1-105.

Because defendant relocated prior to the delivery of the forwarded package and his forwarding address had expired, defendant argues that a strict construction of G.S. 1-105 is appropriate. *Hassell v. Wilson*, 301 N.C. 307, 314, 272 S.E.2d 77, 82 (1980) (requiring strict construction of constructive service statutes); *Humphrey v. Sinnott*, 84 N.C. App. 263, 267, 352 S.E.2d 443, 446 (1987) (G.S. 1-105(2) is "in derogation of the common law" and must be strictly construed). Accordingly, defendant argues that he was improperly denied an "opportunity" to claim the forwarded package. Absent this opportunity, defendant argues that the package could not be "unclaimed." Defendant therefore contends that service was incomplete under the first of the three tests stated in G.S. 1-105(2).

The plain language of G.S. 1-105(2) does not expressly predicate the classification of a forwarded package as "unclaimed" on nonresident defendants' first being afforded an opportunity to claim it. Strict construction precludes this Court from adding this condition precedent to the statute. We will not expand the rights of nonresident tortfeasors without express statutory authority.

G.S. 1-105 merely provides nonresident defendants with *"sufficient assurance* of actual notice" to meet "minimum" due process and personal jurisdiction requirements. *Humphrey* at 268, 352 S.E.2d at 446-47 (emphasis added). To *guarantee* defendant the opportunity he seeks would undermine the purpose of constructive service under G.S. 1-105: to enable suits against nonresident motorists who cause in-state accidents but are beyond the jurisdiction of our courts when suit is filed. *Hart v. Queen City Coach Co.*, 241 N.C. 389, 391, 85 S.E.2d 319, 320 (1955). *See also* G. Gray Wilson, North Carolina Civil Procedure § 4-27 (2d ed. 1995) (*citing Davis v. St. Paul-Mercury Indem. Co.*, 294 F.2d 641 (4th cir. 1961)).

Accordingly, this Court has held that forwarded mail which was returned undelivered to the Commissioner was "unclaimed," and service was therefore proper under G.S. 1-105(2), even if the mail "is not delivered . . . because [defendant] has moved," *Humphrey*, 84 N.C. App. at 268, 352 S.E.2d at 446, or if the mail is returned to the Commissioner marked "moved, not forwardable." *Ridge v. Wright*, 35 N.C. App. 643, 645, 242 S.E.2d 389, 391 (1978). Here, defendant admits that the package was undelivered because he had moved. He also admits that "the certified mail was undelivered due to a notation on the envelope stating that the forwarding order had expired." In light of these admissions, we conclude that the package was "not forwardable," *Ridge*, 35 N.C. App. 643, 242 S.E.2d 389, and was "unclaimed" under G.S. 1-105(2). Accordingly, we hold that service was complete on 15 October 1998, the date the package was returned to the Commissioner.

[3] Finally, defendant argues that by using three-year-old address information in the accident report to locate defendant, plaintiff failed to meet his duty to exercise due diligence in locating defendant for purposes of service (for example, by use of directory assistance or query to defendant's insurance carrier). *Fountain v. Patrick*, 44 N.C. App. 584, 586-87, 261 S.E.2d 514, 516 (1980). However, unlike service by publication, there appears to be no due diligence requirement under G.S. 1-105. Wilson, *supra*, at § 4-27 (*citing Kennedy v.*

*Starr*, 62 N.C. App. 182, 302 S.E.2d 497 (1983)); *but see Id.* at 187-190, 302 S.E.2d at 500-502 (Whichard, concurring). For complete service under G.S. 1-105, all that is required is "sufficient compliance" with the statute. *Humphrey*, 84 N.C. App. at 267, 352 S.E.2d at 446-47. We conclude that using the address on the accident report was sufficient. An additional "due diligence" requirement imposes a new condition precedent to the operation of G.S. 1-105 which is not contemplated by the plain language of the statute.

Because we conclude that plaintiff complied with G.S. 1-105, and for that reason reverse the trial court's order of dismissal, we need not discuss defendant's remaining challenges. However, given plaintiff's noncompliance with the Rules of Appellate Procedure, we tax the costs of this appeal personally against plaintiff's attorneys.

Reversed and remanded.

Judges WALKER and McGEE concur.